UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

**MARY HILLS**
W7799 County Road E
Spooner, WI 54801

Individually and on behalf of a class of others similarly situated,

    Plaintiff,

v.

**ESSENTIA HEALTH**
c/o TERRANCE R JACOBSON, Registered Agent
Legal Dept
3500 Tower Avenue
Superior , WI 54880

    Defendant.

Case No.: 19-CV-907

JURY TRIAL DEMANDED

---

### AMENDED CLASS ACTION COMPLAINT
### &
### REQUEST FOR JURY TRIAL

---

Plaintiff MARY HILLS ("HILLS" or "Plaintiff"), through her undersigned counsel files this Amended Class Action Complaint and Request for Jury Demand on her individual behalf and on behalf of a class of all similarly situated persons against Defendant and says in support:

### I.  PARTIES

1. Plaintiff, MARY HILLS, is an adult who resides at the address captioned above.

2. That **ESSENTIA HEALTH** ("ESSENTIA") is a Minnesota corporation duly licensed to conduct business in Wisconsin and whose registered agent is captioned above. ESSENTIA listed assets of $372,799,250 as of June 30, 2107 with annual revenues of $180,179,309.

3. "[ESSENTIA] is an integrated health system serving patients in Minnesota, Wisconsin, North Dakota, and Idaho". See https://www.essentiahealth.org/about/.

4. ESSENTIA is a network of health provider clinics and hospitals serving numerous locations throughout Wisconsin.

5. "[ESSENTIA] combines the strengths and talents of 14,500 employees, including more than 2,100 physicians and advanced practitioners, who serve our patients and communities through the mission of being called to make a healthy difference in people's lives". *Id*.

6. "[ESSENTIA] lives out its mission by having a patient-centered focus at 15 hospitals, 77 clinics, six long-term care facilities, three assisted living facilities, three independent living facilities, five ambulance services and one research institute". *Id*.

7. ESSENTIA owns and operates the following healthcare facilities in Wisconsin: Essentia Health-Ashland Clinic; Essentia Health-Hayward Clinic; and Essentia Health-Spooner Clinic.

8. ESSENTIA has acted as and acts as a "health care provider" as that term is contemplated by Wis. Stat. §146.81(1) et seq., notably (but not exclusively) under subsection (m) and (p) – by operating either "an inpatient health care facility" and/or a "rural medical center(s)".

9. That both the Essentia Health Spooner Clinic and Essentia Health Hayward Clinic are "rural medical centers" as defined in Wis. Stat. §146.81(p).

10. Each of the clinics operated by ESSENTIA in Wisconsin are an arrangement of facilities, equipment, services and personnel capable of providing or assuring health care services, including appropriate referral, treatment and follow-up services.

11. Each clinic is at a location in a county, city, town or village that has a population of less than 15,000 and that is in an area that is not an urbanized area, as defined by the federal bureau of the census.

12. The populations of Ashland, Hayward and Spooner are each less than 15,000 persons.

13. That ESSENTIA provides health care services in Washburn County and Hills was treated by ESSENTIA at the Essentia Health Spooner Clinic in Washburn County. This transaction arose in Washburn County.

## II. VENUE AND JURISDICTION

14. This Court has jurisdiction pursuant to 28 U.S.C. § 1441 over Plaintiff's cause of action under removal jurisdiction. The Defendant removed the civil action from a Wisconsin state court.

15. Venue lies in the United States District Court for the Western District of Wisconsin because the events and omissions giving rise to Plaintiffs' claims occurred in the State of Wisconsin. 28 U.S.C. § 1391(b)(2).

16. Defendant is subject to personal jurisdiction within this district because Defendant regularly transacts business within the State of Wisconsin.

### III. BACKGROUND

17. The Citizens of Wisconsin have valid interests in obtaining copies of their medical records. They may want them to provide to their health care providers for further evaluation, to pursue legal claims for injuries, or simply to maintain the records out of personal concerns. Whatever the reason, the records must be made available for them to obtain.

18. While the citizens may want to obtain copies of their health care records, the health care providers do not want to bear the expense of providing copies of the records to their patients.

19. Prior to 2009, the Wisconsin legislature assigned the duties of regulating the fees that could be charged for copies of healthcare records to the Department of Human Services ("DHS"). DHS did so and passed a regulation that exempted patients and their "personal representatives" from certain retrieval and certification fees. The term personal representative was a defined term under the Health Insurance Portability and Accountability Act of 1996 (HIPAA). It meant someone who had both the (i) right to request records on behalf of a patient and (ii) the right to make health care decisions for the patient.

20. In 2009, the Wisconsin Legislature chose to remove the duties from DHS and enacted a statute that set forth what fees could be charged. The Legislature expanded the exemptions from retrieval and certification fees to include patients as well as "persons authorized by the patient". The statutory definition at Wis. Stat. §146.81(5) defined a "person authorized by the patient" to include various persons including those were simply "authorized in writing by the patient" to obtain the medical records. A person

authorized in writing did not need to also be authorized to make medical decisions for the patient. In other words, they no longer needed to meet the definition of "personal representative" that the DHS regulation set forth. In expanding the persons exempt from the retrieval and certification fees, the legislature rejected the efforts of the healthcare industry participants to retain a limitation on the exemption from retrieval and certification fees to patients and their "personal representatives".

21. When the legislature included the change from "personal representative" to "person authorized by patient" in the 2009 Budget Bill as Motion 671, the health care industry immediately sounded the alarm through its members' lobbyists and various industry groups, including the Wisconsin Hospital Association (WHA) and the Wisconsin Health Information Management Association (WHIMA).

22. WHA alerted members and told them that the repercussions of this change in the law:

> "The definition of "patient representative" will be expanded to include attorneys, insurance companies, <u>or anyone authorized by the patient to access their medical records</u>, thus entitling the requester to receive copies at an even lower fee."

   **Exhibit A.**

23. The Healthcare Industry's effort to prevent the legislation failed and Wis. Stat. §146.81 and 146.83 were amended adopting the "person authorized in writing" language.

24. However, the industry chose to ignore the law and charged these fees and argued that one having written authorization also needed to make medical decisions in order to be exempt from certification, retrieval or other fees.

25. The Wisconsin Legislature has addressed the respective wants and needs of both patients and the health care providers by enacting a statute, Wis. Stat. §146.83, that establishes

the patient's rights to copies and sets the maximum compensation that the health care providers who provide the records may charge.

26. At this time, the production of copies of electronically stored information can be accomplished at minimal cost. The copy cost by a third party, such as Staples, starts at $.02 per page for black and white and $.11 per page for color copies.

27. The rates allowed by the Wisconsin law are substantially more than the costs of obtaining copies from third parties. Under Wis. Stat. §146.83, the charges may be as follows:

> (b) Except as provided in sub. (1f), a health care provider may charge no more than the total of all of the following that apply for providing the copies requested under par. (a):
>
> 1. For paper copies: $1 per page for the first 25 pages; 75 cents per page for pages 26 to 50; 50 cents per page for pages 51 to 100; and 30 cents per page for pages 101 and above.
>
> 2. For microfiche or microfilm copies, $1.50 per page.
>
> 3. For a print of an X-ray, $10 per image.
>
> 4. If the requester is not the patient or a person authorized by the patient, for certification of copies, a single $8 charge.
>
> 5. If the requester is not the patient or a person authorized by the patient, a single retrieval fee of $20 for all copies requested.
>
> 6. Actual shipping costs and any applicable taxes.

28. A patient or a "person authorized in writing by the patient" who pays the fee is entitled to copies at the statutory rate and the "health care provider" must provide them pursuant to that rate under Wis. Stat. §146.83(3f).

29. If health care records are released without the patient's authorization under Wis. Stat. 146.82(2), the provider may charge up to an $8.00 certification fee and a $20.00 retrieval fee (as adjusted over time).

30. This action arises because the Defendant has attempted to enhance its profits that it can make off the already generous allowable legislative per copy charge by also routinely charging patients or persons authorized by the patient a $15.95 retrieval fee or other fees not authorized by the statute.

31. On May 4, 2017, the Wisconsin Supreme Court issued its decision in <u>Moya v. Healthport Technologies</u>, et. al, 2017 WI 45 (2017) that held neither a health care provider nor any of its agents, including a medical records copy service (often self-styled as a "release of information service") may charge a patient or a person authorized by the patient in writing a certification, basic, processing or retrieval fees for producing a copy of the patient's records. The person authorized in writing acts as the agent for the patient and the patient is a known principal.

32. A copy of the decision is attached hereto as ***Exhibit B***.

33. The Plaintiff, MARY HILLS, is one of many persons who the Defendant charged illegal fees contrary to Wis. Stat. §146.83.

34. The Plaintiff also seeks to represent herself and the other persons who are similarly situated to her because the relatively low dollar amount of the illegal charges by the

Defendant makes it an appropriate situation for a class to be certified under Wis. Stat. Sec. §803.08.

35. Whether or not the Defendant charged in excess of the generous amounts allowed by Wisconsin law is a common issue for the Plaintiff and the putative class described below.

36. Plaintiff's claims are typical because she has been charged fees in excess of those allowed by Wisconsin law.

37. The number of persons who have been charged these fees by the Defendant are so numerous that joinder of all in a single action is impractical.

38. The Plaintiff is an adequate representative of the proposed class below.

39. Plaintiff's counsel is adequate and best suited to represent Plaintiff and the class in this matter requested on their knowledge of the legal issues involved and their experience in representing classes before both state and federal courts.

40. The members of the class are easily ascertained from the Defendant's own records. The Defendant issues invoices which provide the name of the class members and the amounts they were illegally charged. These records are admissible in any proceeding as they are statements made the Defendant.

41. The common issue identified for the Plaintiff and the class is also the predominant issue.

42. A class action is superior to requiring many repetitive individual actions that will raise the same issue and ask for the same relief against the Defendant. The amount of actual damages makes individual actions unlikely and Plaintiff is unaware of any pending individual actions that have been pursued by Wisconsin residents to address these illegal

charges made by the Defendant. In the absence of a class, the state's limit on fees that may be charged will not be enforced and the Defendant will retain an illegal windfall.

43. The Plaintiff should be permitted to proceed to sue for the benefit of the following class:

> **ESSENTIA Class**:
>
> All persons in Wisconsin:
>
> (i) who were a patient of any ESSENTIA healthcare provider in Wisconsin and requested their own health care records or authorized another person in writing to obtain the patient's health care records from ESSENTIA; and
>
> (ii) were charged a request, basic, retrieval, certification or other fee by ESSENTIA, directly or indirectly, in violation of Wis. Stat. §146.83(3f)(b)(4) - (5);
>
> (iii) during the 6 year period preceding the commencement of this action through the date of trial.
>
> The Class specifically excludes the following persons or entities: (i) Defendant, any predecessor, subsidiary, sister and/or merged companies, and all of the present or past directors, officers, employees, principals, shareholders and/or agents of the Defendant; (ii) any and all Federal, State, County and/or Local Governments, including, but not limited to their departments, agencies, divisions, bureaus, boards, sections, groups, councils and/or any other subdivision, and any claim that such governmental entities may have, directly or indirectly; (iii) any currently-sitting Wisconsin state court Judge or Justice, or any federal court Judge currently or previously sitting in Wisconsin, and the current spouse and all other persons within the third degree of consanguinity to such

judge/justice or (iv) any law firm of record in these proceedings, including any attorney of record in these proceedings; (v) anyone person who would otherwise belong to the class but who Defendant can identify as being charged a fee, either directly or indirectly through a person authorized in writing, but said fee was not collected or paid to Defendant by anyone; and (vi) anyone who has recovered the fee at issue as member of any class in *Moya v. HealthPort Technologies, LLC*, 13CV2642 (Milwaukee. Co. Cir. Ct.) (the "Moya Action") or *Rave v. Ciox Health LLC*, 2:18-CV-00305-LA (E.D. WI.).

## IV. FACTS

44. MARY HILLS was injured in an accident.

45. MRS. HILLS retained Herrick & Hart, S.C. as her attorneys who processed her personal injury claim.

46. MRS. HILLS signed written releases authorizing the release of medical information to her attorneys.

47. MRS. HILLS's attorneys sought certified health care records from Defendant's Essentia Health Spooner Clinic.

48. That all requests were addressed to Essentia at its address in Spooner, WI where Mrs. HILLS was treated. No requests were ever directed to Essentia at any address in Minnesota.

49. That ESSENTIA was under a duty to provide the records pursuant to Wis. Stat. §146.83.

50. That ESSENTIA could not delegate its duty under Wis. Stat. §146.83 to avoid providing the records at the statutorily mandated rate.

51. That ESSENTIA, responded to the requests for records described hereinafter.

**Certified Health Care Records Request**

52. That on or about March 24, 2014, MRS. HILLS's attorneys wrote and requested certified health care medical records from ESSENTIA at its Spooner address for services provided to HILLS from the Essentia Health Spooner Clinic and provided a written consent in the form of a HIPPA release signed by MRS. HILLS.

53. That ESSENTIA responded to the health care records request and charged the sum of $15.95 for retrieval of the certified healthcare records request. **Exhibit C.**

54. That Herrick & Hart paid all the charges to ESSENTIA to obtain the certified health care records for MRS. HILLS.

55. By operating in Wisconsin ESSENTIA subjected itself to Wisconsin law.

56. ESSENTIA admits it was aware of Wis. Stat. §146.83.

57. That ESSENTIA knew it was illegal to charge request, basic, certification, processing, retrieval and/or other fees to HILLS contrary to Wis. Stat. §146.83 to obtain her certified health care records when a third party was authorized in writing to obtain the records.

58. That ESSENTIA charged a $15.95 retrieval fee in violation of Wis. Stats. §146.83 and 146.84.

59. That Defendant has knowingly and willfully charged these illegal fees contrary to the statute.

60. Alternatively, the Defendant negligently charged these fees contrary to the statute.

### V. VIOLATION OF WIS. STAT. §146.83
### ON BEHALF OF PLAINTIFF AND CLASS MEMBERS

61. Plaintiff incorporates all preceding paragraphs as if set forth fully herein.

62. That HILLS directly or through her attorney paid for all charges incurred from Defendant.

63. That HILLS incurred damages.

64. That Defendant ESSENTIA is liable for damages to Plaintiff and the Class Members.

65. In Wisconsin, access to patient health care records is governed by Wis. Stat. § 146.83.

    Wis. Stat. §146.83(3f)(a) provides in pertinent part:

    > Except as provided in sub. (1f) or s. 51.30 or 146.82 (2), if a person requests copies of a patient's health care records, provides informed consent, and pays the applicable fees under par. (b), the health care provider *shall* provide the person making the request copies of the requested records.

    Wis. Stat. §146.83(3f)(a) (Emphasis added.)

66. Wis. Stat. §§146.83(3f)(b)(1) - (6) set out the maximum charges that may be charged and collected for medical records and provides:

    > Except as provided in sub. (1f), a health care provider may charge no more than the total of all of the following that apply for providing the copies requested under par. (a):
    > 1.   For paper copies: $1 per page for the first 25 pages; 75 cents per page for pages 26 to 50; 50 cents per page for pages 51 to 100; and 30 cents per page for pages 101 and above.
    > 2.   For microfiche or microfilm copies, $1.50 per page.
    > 3.   For a print of an X−ray, $10 per image.
    > 4.   *If the requester is not the patient or a person authorized by the patient*, for certification of copies, a single $8 charge.
    > 5.   *If the requester is not the patient or a person authorized by the patient*, a single retrieval fee of $20 for all copies requested.
    > 6.   Actual shipping costs and any applicable taxes.

    Wis. Stat. §146.83(3f)(b)(1) - (6) (emphasis added.)

67. The phrase "person authorized by the patient" is defined in Wis. Stat. § 146.81(5) to mean "any person authorized in writing by the patient." This language is unambiguous

and clear and would obviously exempt anyone with a HIPAA compliant medical records release.

68. MRS. HILLS filed this suit because she was wrongfully charged a retrieval fee by the Defendant in violation of Wis. Stat. §146.83(3f)(b)(4) - (5).

69. The statute in effect at the time Plaintiff's claim arose, Wis. Stat. §893.93, provides a six-year statute of limitations for violations of Wis. Stat. §146.83. See *State v. Hamilton*, 2002 WI App 89, 253 Wis. 2d 805, 644, N.W.2d 243, 01-1014.

70. That the Defendant charged the Plaintiff a retrieval fee although the request was made by the Plaintiff or a person authorized in writing by the Plaintiff, namely, her attorneys.

71. That all invoices issued from Defendant to Plaintiff were paid.

72. That, upon information and belief, the Defendant has charged other Wisconsin residents a request, retrieval, basic, processing, certification and/or other fee although the request for the health care records was made by the patients themselves or persons authorized in writing by them.

73. The Defendant was not entitled to charge the Plaintiff or the Class Members a request, basic, processing, certification, retrieval or other fees when they request their own records or through authorized by them in writing has requested their records.

74. The Defendant has charged fees in excess of the amounts allowed by Wisconsin law.

75. The Defendant has used the illegal fees to operate their businesses.

76. The Defendant has violated the provisions of Wis. Stat. §146.83.

77. The Defendant is a person who violated Wis. Stat. §146.83 and can be held liable under Wis. Stat. §146.84.

78. The Plaintiff and the Class Members who have been charged a request, basic, processing, retrieval certification or other fee when that person or a person authorized by them in writing has requested their own records, is entitled to recover the fees charged by the Defendant.

79. That Defendant has knowingly and willfully violated Wis. Stat. §146.83 by charging request fees, retrieval fees, certification fees or other inappropriate fees.

80. That the violation of Wis. Stat. §146.83, subjects Defendant to exemplary damages of between $1.00 and $25,000.00 per violation, plus costs and reasonable actual attorney fees pursuant to Wis. Stat. §146.84(1)(a).

81. That Plaintiff and the Class Members have incurred actual damages due to Defendant's knowing and willful violation of Wis. Stat. §146.83.

82. That Plaintiff and the Class Members are entitled to recover their damages, plus exemplary damages of between $1.00 and $25,000.00 per violation, plus costs and reasonable actual attorney fees from Defendant for the knowing and willful violation of Wis. Stat. §146.83.

83. That, alternatively, Defendant negligently violated Wis. Stat. §146.83 by charging basic, processing, retrieval, certification or other fees.

84. A negligent violation of Wis. Stat. §146.83, subjects Defendant to exemplary damages of between $1.00 and $1,000.00 per violation, plus costs and reasonable actual attorney fees pursuant to Wis. Stat. §146.84(1)(b).

85. That Plaintiff and the Class Members have incurred actual damages due to Defendant's negligent violation of Wis. Stat. §146.83.

86. That Plaintiff and the Class Members are alternatively entitled to recover their damages, plus exemplary damages of between $1.00 and $1,000.00 per violation, plus costs and reasonable actual attorney fees from Defendant for a negligent violation of Wis. Stat. §146.83.

## VI. UNJUST ENRICHMENT - DISGORGEMENT

87. Plaintiff incorporates all preceding paragraphs as if set forth fully herein.

88. Defendant knew the monies charged were unlawful.

89. Defendant appreciated and received the benefit of the monies they charged illegally.

90. Defendant has used the illegal fees to operate their businesses.

91. Defendant's retention of said benefit is inequitable and unjust and they should be required to return said monies and disgorge all illegal charges, profits and interest earned on same.

## VII. CONVERSION

92. Plaintiff incorporates all preceding paragraphs as if set forth fully herein.

93. Defendant knew the monies charged were unlawful.

94. Defendants has retained the money unlawfully and converted the Plaintiff's money.

95. Defendant has used the illegal fees to operate their businesses.

**WHEREFORE**, Plaintiff respectfully requests the Court enter judgment in favor of Plaintiff and the Class Members and against the Defendant as follows|:

1) Certify the Proposed Class, appoint the Plaintiff as Class Representative and appoint her counsel as Class Counsel;

2) For compensatory damages in an amount to be determined at trial by a jury;

3) For exemplary damages up to $25,000.00 per violation, plus costs and reasonable actual attorney's fees incurred by Plaintiff(s);

4) Alternatively, for exemplary damages up to $1,000.00 per violation, plus costs and reasonable actual attorney's fees incurred by Plaintiff(s);

5) For the return of all monies, profit, interest and pre-judgment interest on all sums illegally collected;

6) For such other and further relief as this court finds necessary and proper.

---

### PLAINTIFF REQUESTS A TRIAL BY JURY

---

Dated at Milwaukee, Wisconsin this 9th day of January, 2020.

WELCENBACH LAW OFFICES, S.C.
Attorneys for Plaintiff

/s/ *Robert J. Welcenbach*
Robert J. Welcenbach – SBN: 1033091
Welcenbach Law Offices, S.C.
933 N. Mayfair Rd., Ste. 311
Milwaukee, WI 53226
T: (414)774-7330 / F: (414) 774-7670

CERTIFICATE OF SERVICE

A true and correct copy of this Amended Complaint was served on the Defendant's counsel when filed with the court through the Court's CM/ECF system on January 9, 2020.

/s/ Robert J. Welcenbach