# WISCONSIN HOSPITAL ASSOCIATION, INC.



Date: June 8, 2009

To: Members of the Wisconsin State Assembly

From: Eric Borgerding, Executive Vice President
Paul Merline, Vice President, Government Affairs

Subject: Medical Record Copy Fees – JFC Motion #671

Many of you have been contacted by health care providers in your district who are concerned by the Joint Committee on Finance action that, if retained in the budget, would force hospitals, physicians, and other practitioners to provide copies of health care records to trial attorneys and others BELOW THE COST OF PRODUCING THE RECORDS. But those costs don't go away; the costs of copying the records are and would be shifted to other areas of health care. This Motion, simply put, is about subsidizing the cost of litigation.

Beyond establishing rates that are too low to cover costs, the Joint Finance Motion also makes a number of changes that, as one medical record professional phrased it, *"would cause chaos in the medical records departments of health care providers."*

WHA respectfully requests that the Assembly remove the provisions in the budget passed by JFC in Motion #671 and maintain current law, **except as follows**:

- Provide that if a patient or if the *personal representative of the patient* requests copies of the patient's health care records, the fees applicable to the patient apply. This change, like current law, would keep the Wisconsin standard consistent with HIPAA. The changes as proposed in the Joint Finance Motion suggest that the limited charges pertain to *anyone authorized by the patient* to inspect the records or request copies, *which arguably would be all requesters*, because providers cannot release patient records without such an authorization.

- *Set the per page charge for records provided electronically at the same per page charge for paper records.* There would be no charge for the CD itself. It appears that the Joint Finance Motion is suggesting that electronic copies be released free of charge, which would be an absurd result.

- *Maintain current law concerning the timeframe for responding to requests for records.* In current law, standards are *consistent with the federal HIPAA standards.* The standards in the Joint Finance Motion are not only inconsistent with HIPAA, but also with timeframes for physicians to complete the records. This inconsistency will cause confusion and needless and costly multiple requests and responses.

*(over)*

5510 Research Drive, Post Office Box 259038, Madison, WI 53725-9
wha.org



**EXHIBIT E**

- *Set the fees so they come closer to covering the cost of providing copies of the records*. We suggest $.60 per page for copies of medical records and maintaining the current certification fee of $5 for up to five pages and $7.50 five or more pages. We also recommend a retrieval fee of $19.05; this fee would not apply to requests from patients or personal representatives of patients. At these levels, Wisconsin fees would still be lower than in neighboring states, but would come closer to covering providers' actual costs of providing the copies.

- *Include an annual inflationary adjustment*, using the Consumer Price Index for all Urban Consumers, Wisconsin ("CPI-U") as published by the US Department of Labor.

   These changes require compromise by all parties but without requiring one group to subsidize another. They simply make sense.

# WISCONSIN HOSPITAL ASSOCIATION, INC.



**Remove Medical Records Access and Copy Fees Provisions Included from the State Budget**

*Issue*
The budget bill contains a poorly and hastily drafted provision related to medical records that will:
- Undermine the common goal of expediting investment in costly electronic medical records (EMR) technologies
- Establish contradictory new rules that will conflict with federal privacy laws
- Create confusion among medical record administrators and lead to higher health care costs for everyone

*Background*
Wisconsin is home to leading developers of EMR technology and some of the most "wired" health care providers in the country. But ill-conceived, hastily-drafted budget amendments will result in barriers to their efforts. Unlike federal HIPAA standards that were developed through years of study and analysis, the provisions contained in the budget bill (Motion #671) were slipped in by the Joint Finance Committee at 5:00 AM on the final day of deliberations and without input from (or warning to) industry experts with working knowledge of the issues.

As it stands, the budget bill makes massive changes to Wisconsin law relating to access to medical records and the fees health care providers, including certain state agencies, can charge for copies of medical records. While we believe all provisions relating to medical records that were inserted into the budget should be removed, two provisions are of greatest concern

Hindering Adoption of Electronic Medical Records (EMR) Systems
While the budget bill provides for a per page fee for copies of paper records, proposed s. 146.83(1k) would **require health care providers using an EMR to provide electronic copies free of charge**. This policy change is based on simplistic and uninformed assumptions that generating copies from electronic medical records is without cost. In fact, the budget bill would add a new unreimbursed cost applicable only to providers who have made the costly investment in electronic medical records.

- The budget creates a new barrier to investment in electronic medical records and is contrary to national and state efforts supported by President Obama and Governor Doyle to encourage health care providers to invest in (costly) EMR systems. The provision also runs contrary to efforts by the Governor's eHealth Care Quality and Patient Safety Board to remove barriers to investment in EMR.
- Compiling accurate information requires both the right software and expert records administrators that have the technical skills and knowledge to provide requested information in a meaningful way. Both are costs not recognized in the budget bill.
- EMR systems and other health information technologies, which some lawmakers have proposed mandating, are extremely costly to both purchase and maintain.
    - In 2006, is was estimated that median cost to hospitals to purchase health information technologies was the equivalent of $5,556/bed. Ongoing operating costs were estimated at $12,060/bed.
    - A 2006 survey by the American hospital association identified "initial costs" and "ongoing costs" as the top barriers to adoption of health information technologies.
      (http://www.wha.org/pubArchive/special_reports/HITreport_8-20-08.pdf)
- Charging reasonable fees to recoup costs is an accepted incentive to adopt costly EMR systems and encouraged by some of the leading EMR developers/ vendors in the country, such as Wisconsin's own Epic Systems Corp.
    > "**Health Information Management** provides easy-to-use tools to simplify medical records management tasks, including … Release of Information - allows users to track and fill information requests, generate charges, and collect payments for this service." (http://www.epicsystems.com/software-him.php)

*(more)*

- It is a myth that providing information to a patient from an electronic medical record is simply a matter of a clerical employee pressing "send." Electronic records are not simply a paper record put into an electronic form.
- To improve efficiency and quality, electronic medical records are organized much differently from paper records and cannot be duplicated in the same way. Electronic records must still be located, thoroughly verified and organized before "pressing send."

New Deadlines and Penalties Contradict Federal Standards

The proposed Assembly and Senate budget bills create new deadlines and penalties on patient access to health care records that contradict understood and accepted federal HIPAA standards. These contradictory standards, created without meaningful debate or any input from medical records experts, will create chaos for medical records administrators in Wisconsin hospitals and certain state agencies.

While HIPAA imposes a 30 day deadline to respond to patients' requests for records stored on site and a 60 day deadline if records are stored offsite, the budget bill sets a single contradictory deadline - the Senate proposes 30 days, while the Assembly proposes 21 days.

- Unlike Budget Motion #671, the HIPAA access standards were the result of a deliberative multi-year rulemaking process which included extensive comments from health care providers and patient advocates. The result was a balance between a patient's need for timely access to medical records and the time and effort needed to gather requested records. Unlike the well-crafted HIPAA rules, the budget provisions were created without meaningful discussion and have had no such consideration or input from providers and patients.
- The contradictory standards will add costs to Wisconsin providers. For example, EMR vendors service hospitals across the country and build their systems to meet the Federal HIPAA standards. Adding Wisconsin-only medical record standards could require customization and add to the already costly investment in an EMR system.
- The amount of time needed to gather records is dictated not just by the skills of the record administrator, but also the complexity of the request by the patient (or his or her attorney). For example, a request for "all records from Ms. Davis's visit to Dr. Smith on May 31, 2009" may be relatively simple to gather, while a request for "all records between 1980 and 2005 entered by Dr. Smith indicating Ms. Davis's family history of cervical cancer and which discussed the possibility of a the need for a Loop Electrosurgical Excision Procedure" involves significantly more time and effort. In short, a providers' ability to meet the deadlines imposed by the Senate and Assembly bills is not entirely in the providers' hands.

*Action Requested*
**PRIORITY #1: VETO ALL THE COPY FEE, DEADLINES AND MEDICAL RECORD ACCESS PROVISIONS THAT WERE SLIPPED INTO THE BUDGET UNDER MOTION #671.**
Complex issues involving patient privacy, records access and consistency with federal law should not be determined by narrow-focused special interest groups slipping late night amendments into a state budget bill. Copy fees that reflect costs are currently subject to the deliberate and informed administrative rule process and should remain so. Access to medical records, including, deadlines for record production, and other privacy standards should remain consistent with federal laws (including HIPAA).

**PRIORITY #2: VETO THE PROVISIONS THAT PROHIBIT HEALTH CARE PROVIDERS FROM RECOUPING COSTS OF ELECTRONIC COPIES AND THE WISONSIN-ONLY DEADLINES THAT CONTRADICT FEDERAL LAW (HIPPA).**
EMR systems are expensive to purchase and maintain. Compiling an electronic record involves highly skilled professionals who must assure that request is complete, accurate and in compliance with state and federal laws. Prohibiting health care providers from recouping these costs by charging fees for electronic copies will force cost shifting, increase health care costs by millions in Wisconsin, and result in a disincentive for health care providers to rapidly adopt EMR systems.