# EX. 3

FILED
07-30-2019
John Barrett
Clerk of Circuit Court
2013CV002642

EXECUTION VERSION

# CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Agreement") is entered into by and amongst Plaintiffs, Carolyn Moya ("Moya") and Timothy Rave ("Rave," together, the "Plaintiffs") and Defendants, Ciox Health, LLC ("Ciox"), Aurora Healthcare, Inc. ("Aurora"), and Columbia St. Mary's Hospital Milwaukee, Inc. ("Columbia St. Mary's," together, "Defendants" and together with Plaintiffs, the "Settling Parties"), and on behalf of the Settlement Class (as defined in Section 2.48 below) in *Moya v. HealthPort Technologies, LLC*, 13CV2642 (Wis. Cir. Ct.) (the "Moya Action") and *Rave v. Ciox Health LLC*, 2:18-CV-00305-LA (E.D. Wis.) (the "Rave Action" and with the Moya Action, the "Wisconsin Class Actions").  Capitalized terms used herein are defined in Section II of this Agreement or indicated in parentheses elsewhere in this Agreement.  Subject to the Court's approval, the Parties hereby stipulate and agree that, in consideration of the promises and covenants set forth in the Settlement and upon the entry by the Court of a Final Approval Order and the occurrence of the Effective Date, the Wisconsin Class Actions shall be settled, compromised, and dismissed upon the terms and conditions contained herein.

## I.     RECITALS

**1.1**     WHEREAS, Plaintiffs allege that Defendants violated Wisconsin law by charging basic, certification and/or retrieval fees for medical record requests made by a patient or a person authorized by the patient, contrary to Wis. Stat. § 146.83, as detailed in Moya's Amended Complaint (Dkt. No. 436, 12/10/2018) and Rave's Complaint, and that Plaintiffs and other members of the Settlement Class incurred damages as a result.

**1.2**     WHEREAS, Defendants have asserted defenses to Plaintiffs' claims.

**1.3**     WHEREAS, Plaintiffs and Defendants agree that this Settlement Agreement shall not be deemed or construed to be an admission or evidence of any violation of any statute or law

EXECUTION VERSION

or of any liability or wrongdoing by Defendants or of the truth of any of the claims or allegations alleged in the Wisconsin Class Actions or a waiver of any defenses thereto.

**1.4**   WHEREAS, arm's-length settlement negotiations have taken place between counsel for Plaintiffs and the Defendants, including with the assistance of a neutral third-party mediator, and this Agreement, which embodies all of the terms and conditions of the settlement between Defendants and Plaintiffs, both individually and on behalf of the Settlement Class (the "Settlement"), has been reached, subject to the final approval by the Court.

**1.5**   WHEREAS, the undersigned counsel for Plaintiffs and the Settlement Class, Welcenbach Law Offices, S.C., Legg Law Firm, LLP, and Jones and Hill, LLC (together, "Class Counsel"), have concluded, after extensive discovery and investigation of the facts, and after carefully considering the circumstances of the Wisconsin Class Actions, including the claims asserted, the potential damages at issue, and the possible legal and factual defenses thereto, that it would be in the best interests of the Settlement Class to enter into this Agreement in order to avoid the uncertainties of litigation, particularly complex litigation such as this, and to assure the benefits described herein to the Settlement Class, and, further, that Class Counsel consider the Settlement set forth herein to be fair, reasonable, and adequate compensation, and in the best interests of the Settlement Class.

**1.6**   WHEREAS, Defendants have concluded, despite their belief that they have meritorious defenses thereto, that it would be in their best interests to enter into this Agreement to avoid the uncertainties of litigation, particularly complex litigation such as this.

**1.7**   WHEREAS, the Parties, to avoid the costs, disruption, and distraction of further litigation and without admitting the truth of any allegations made in the Wisconsin Class Actions, or any liability with respect thereto, having participated in mediation and follow-up negotiations

2

with the assistance of John W. Perry, have concluded that it is desirable that the claims be settled and dismissed on the terms reflected in this Settlement.

1.8     WHEREAS, the undersigned Parties agree, subject to approval by the Court, that the litigation between Plaintiffs, on the one hand, and Defendants, on the other hand, shall be fully and finally compromised, settled, released, and dismissed on the terms and conditions set forth in this Agreement.

1.9     WHEREAS Defendants, while continuing to deny all allegations of wrongdoing and disclaiming any liability with respect to any and all claims, consider it desirable to resolve the Wisconsin Class Actions on the terms stated herein, in order to avoid further expense, inconvenience, and interference with ongoing business operations, and to dispose of burdensome litigation.  Therefore, Defendants have determined that settlement of the Wisconsin Class Actions on the terms set forth in this Agreement is in their best interests and is fair, adequate, and reasonable.

1.10    WHEREAS Defendants hereby consent, solely for the purposes of the Settlement set forth herein, to the certification of the Settlement Class and appointment of Plaintiffs' counsel as Class Counsel for the Settlement Class and Plaintiffs as Class Representatives of the Settlement Class; provided, however, that if this Agreement fails to receive Court approval or otherwise fails to become effective, including, but not limited to, the judgment in form substantially similar to Exhibit 6 not becoming final, then Defendants retain all rights and defenses they had immediately preceding the execution of this Agreement to object to the propriety of class certification in all other contexts and for all other purposes, and the litigation of these Actions will continue as if the Settlement Class had never been certified.  The fact that Defendants conditionally consented herein to certification of the Settlement Class shall not be used against Defendants by any Party or non-

party for any purpose in these Actions or any other action, lawsuit, or proceeding of any kind whatsoever.

**1.11**   WHEREAS this Agreement is contingent upon the issuance by the Court of both the Preliminary Approval Order and Final Approval Order, and, should the Court not issue the Preliminary Approval Order and Final Approval Order, Defendants do not waive, and instead expressly reserve, all rights to defend against the claims in the Actions.

**1.12**   WHEREAS this Agreement reflects a compromise between the Parties and shall in no event be construed as or be deemed an admission or concession by any Party of the truth, or lack thereof, of any allegation or the validity, or lack thereof, of any purported claim or defense asserted in any of the pleadings or filings in the litigation, or of any fault on the part of any Defendant, and all such allegations are expressly denied.  Nothing in this Agreement shall constitute an admission of liability or be used as evidence of liability, by or against any Party hereto.

NOW, THEREFORE, in consideration of the covenants and agreements set forth herein, and of the releases and dismissals of claims described below, the Parties agree to this Agreement, subject to Court approval, under the terms and conditions that follow.

## II.   <u>DEFINITIONS</u>

As used in this Settlement and the attached Exhibits (which are an integral part of the Settlement and are incorporated in their entirety by reference), the following terms shall have the meanings set forth below, unless this Settlement specifically provides otherwise.  Other capitalized terms in this Settlement but not defined in this section shall have the meanings ascribed to them elsewhere in this Agreement.

**2.1**    "Actions" means the class action litigation styled *Moya v. HealthPort Technologies LLC, et al.,* Case No. 13-CV-2642, pending in Milwaukee County Circuit Court, State of Wisconsin, and *Rave v. Ciox Health LLC*, No. 2:18-cv-00305-LA, pending in the United States District Court for the Eastern District of Wisconsin.

**2.2**    "Administration Expenses" means reasonable fees and expenses incurred by the Settlement Administrator for all tasks the Settlement Administrator and any third parties appointed by the Parties perform in furtherance of the notice and administration of the Settlement and to secure performance as set forth in this Settlement.  This also includes the fees for the services of the Mediator and the Special Master appointed by the Court.

**2.3**    "Affiliate" means, with respect to any Person, any other Person that directly, or indirectly through one or more intermediaries, controls, is controlled by, or is under common control with such Person.  For purposes of the definition, "control" means (i) with respect to any corporation or other entity having voting shares or the equivalent and elected directors, managers, or Persons performing similar functions, (a) the ownership or power, directly or indirectly, to vote more than fifty percent (50%) of shares or the equivalent having the power to vote in the election of such directors, managers or Persons performing similar functions, or (b) the ability, directly or indirectly, to direct its business and affairs, and (ii) with respect to any other Person, the ability, directly or indirectly, to direct its business and affairs.

**2.4**    "Agreement" means this Class Action Settlement Agreement, containing all terms, conditions, and Exhibits, which constitutes the entire agreement between the Parties.

**2.5**    "Attorneys' Fees and Expenses" means, as described more particularly in Section 5.1 of this Agreement, the fees and expenses to be sought by Class Counsel for all the past,

present, and future attorneys' fees, costs (including court costs), expenses, and disbursements directly or indirectly incurred in connection with these Actions.

2.6    "Benefit" means the cash payment available to a Claimant who files a Valid Claim under this Agreement.   The specific Benefit received is subject to review, validation, and adjustments by the Settlement Administrator based upon the terms and conditions of this Agreement.

2.7    "Benefit Payments" are the payments issued for Valid Claims as determined by the Settlement Administrator and in accordance with this Agreement.

2.8    "Claim" means a request for relief pursuant to this Settlement submitted by a Settlement Class Member on a Claim Form filed with the Settlement Administrator in accordance with the terms of this Settlement.

2.9    "Claim Form Deadline" means the date by which a Claim Form must be received via United States First Class Mail or via electronic submission by 11:59 p.m. Central time to be considered timely.  The Claim Form Deadline shall be clearly set forth in the Preliminary Approval Order as well as in the Settlement Notice to be consistent with the Claim Period.  If the Claim Form Deadline is on a weekend or holiday, the Claim Form Deadline shall extend to the next business day following the weekend or holiday.

2.10    "Claim Period" means the period of time during which a Settlement Class Member must submit a Claim Form to be eligible to a receive monetary Benefit as part of the Settlement, which shall be for sixty (60) consecutive days and conclude no later than thirty (30) days after the Fairness Hearing.  If the Claim Period ends on a weekend or holiday, the Claim Period shall extend to the next business day.  The Claim Period shall be set forth in the Preliminary Approval Order.

**2.11**    "Claimant" means a Settlement Class Member who files a Claim seeking a Benefit under this Agreement.

**2.12**    "Class Counsel" means Plaintiffs' counsel Welcenbach Law Offices, S.C., Legg Law Firm, LLP, and Jones and Hill, LLC.

**2.13**    "Class Member" means a Person who is a member of the Settlement Class.

**2.14**    "Class Notice" means the Settlement Notice as set forth in Exhibit 3 attached hereto.

**2.15**    "Class Period" means the period of July 1, 2011 through and including the date of entry of the Preliminary Approval Order.

**2.16**    "Class Representative(s)" refers to Carolyn Moya and Timothy Rave.

**2.17**    "Class Service Award" means any award sought by application and approved by the Court that is payable to each Class Representative (i.e., Carolyn Moya and Timothy Rave) up to a maximum total amount of $15,000.00 each payable by the Defendants in addition to the Settlement Amount, to compensate the Class Representatives for their efforts in bringing the claims at issue in these Actions and for achieving the benefits of this Settlement on behalf of the Settlement Class.

**2.18**    "Court" means the Wisconsin Circuit Court, Milwaukee County.

**2.19**    "Defendants" means Ciox Health, LLC ("Ciox"), Aurora Healthcare, Inc. ("Aurora"), and Columbia St. Mary's Hospital Milwaukee, Inc. ("Columbia St. Mary's").

**2.20**    "Effective Date" means the fifth (5th) business day after the last of the following dates:  (i) the date on which all Parties and their counsel, Defendants' counsel, and Class Counsel have executed this Agreement; (ii) the date on which the Court has entered the Final Approval Order certifying the Settlement Class, approving the Agreement in all material respects and

dismissing the Moya Action with prejudice as to Plaintiffs' and Settlement Class Members' claims against Defendants; and (iii) the date on which the time to appeal or to seek permission to appeal or file a petition for writ of certiorari from the Final Approval Order has expired or, if appealed, approval of the Settlement Agreement has been affirmed in its entirety by the Court of last resort to which such appeal has been taken and such affirmance is no longer subject to further appeal or review, or upon the denial of a writ of certiorari to review the order and final judgment from any court, thus making the Final Approval Order a final, non-appealable judgment.

**2.21**  "Fairness Hearing" and/or "Final Approval Hearing" means the final hearing to be conducted by the Court on such date as the Court may order to determine the fairness, adequacy, and reasonableness of the Settlement in accordance with applicable jurisprudence, to be held after reasonable notice and an opportunity to object or to exclude themselves from the Settlement has been provided to the Settlement Class in accordance with this Settlement, and where the Court will:  (i) determine whether to grant final approval to the certification of the Settlement Class; (ii) determine whether to designate Plaintiffs as the representatives of the Settlement Class; (iii) determine whether to designate Class Counsel as counsel for the Settlement Class; (iv) determine whether to grant final approval to the Settlement; (v) rule on the application for Class Counsel's Fee Award and Class Service Award; and (vi) consider whether to enter the Final Approval Order.

**2.22**  "Fee Award" means the Attorneys' Fees and Expenses awarded by the Court to Class Counsel, and any Attorneys' Fees and Expenses approved in the Fee Award shall be paid by Defendants separate and apart from their payment of Valid Claims.

**2.23**  "Final Approval Order" means the issuance of an order granting final approval to the Settlement.  A proposed Final Approval Order is attached as Exhibit 6.

EXECUTION VERSION

**2.24** "Final Notice Date" means the date on which sending of class notice has been completed.

**2.25** "Governmental Entity" or "Governmental Entities" shall mean: (i) the government of the United States of America; (ii) any state or local government; (iii) any agency, branch, commission, department, or unit of the government of the United States of America or of any state or local government; or (iv) any affiliate of or any business or organization of any type that is owned in whole or at least 51% in part by the government of the United States of America or local government, or any of their agencies, branches, commissions, departments or units.

**2.26** "Individual Claimant" means a Claimant who requested his or her medical records (including but not limited to medical bills), or whose records were requested by a third party pursuant to his or her written authorization.

**2.27** "Individual Claim Form" means the proposed claim form in substantially the form attached hereto as <u>Exhibit 1</u> to be used by Individual Claimants to make a Claim under the Settlement (described below), which form is to be approved by the Court and to be posted online in accordance with Section IV of this Settlement Agreement as well as made available upon request from the Settlement Administrator.

**2.28** "Invoice Number" means the unique invoice number provided by a Defendant that corresponds to each record request made by a Settlement Class Member.

**2.29** "Notice Date" means the date on which the Settlement Administrator commences dissemination of the Class Notice consistent with the Preliminary Approval Order.

**2.30** "Objection" means an objection filed with the Court by a member of the Settlement Class objecting to any aspect of the Settlement.

**2.31** "Objection Deadline" means thirty (30) days after the Final Notice Date. The Objection Deadline shall be set forth in the Preliminary Approval Order.

**2.32** "Opt-Out" means a request by a member of the Settlement Class to be excluded from the Settlement Class by following the procedures set forth in the Preliminary Approval Order and the Class Notice.

**2.33** "Opt-Out Deadline" means thirty (30) days after the Final Notice Date. The Opt-Out Deadline shall be set forth in the Preliminary Approval Order

**2.34** "Parties" (or "Party" individually) means Plaintiffs and Defendants.

**2.35** "Person" means any individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their respective spouses, heirs, affiliates, attorneys, predecessors, successors, representatives, and/or assignees.

**2.36** "Plaintiffs" means Carolyn Moya and Timothy Rave.

**2.37** "Preliminary Approval Order" means an order, in substantially the form of the Proposed Preliminary Approval Order attached hereto as Exhibit 5, granting preliminary approval to this Agreement as within the range of possible final approval; approving Class Notice to the Class Members as described in Section IV below; and setting a hearing to consider final approval of the Settlement and any objections thereto.

**2.38** "Proposed Preliminary Approval Order" means the order attached hereto as Exhibit 5.

**2.39** "Released Claims" means any and all claims, whether known or unknown, against the Released Parties relating to, arising out of, or concerning in any way the claims under federal

10

or state laws, including but not limited to Wis. Stat. § 146.84, that were alleged or could have been alleged in the Actions, including, but not limited to, claims related to the basic, certification, and retrieval fees charged to members of the Settlement Class by any of the Released Parties or that could have been asserted against any Released Party in these Actions or any other action.

2.40    "Released Parties" means Ciox Health, LLC ("Ciox"), Aurora Healthcare, Inc. ("Aurora"), and Columbia St. Mary's Hospital Milwaukee, Inc., and each of their respective direct and indirect parents, subsidiaries, affiliates, directors, officers, agents, employees, successors, and assigns.

2.41    "Releases" means the release of all claims contained in Section 7.1 of this Settlement.

2.42    "Releasing Parties" means Plaintiffs, all Settlement Class Members, Class Counsel, and any Person claiming by or through any of the foregoing, including any Person claiming to be a spouse, parent, child, heir, guardian, associate, co-owner, attorney, agent, administrator, executor, devisee, predecessor, successor, assignee, assign, representative of any kind, shareholder, partner, director, employee or affiliate thereof.

2.43    "Requester Claim Form" means the proposed Claim Form in substantially the form attached hereto as <u>Exhibit 4</u> to be used by Requester Claimants to make a Claim under the Settlement (described below), which form is to be approved by the Court and to be posted online in accordance with Section IV of this Settlement as well as made available upon request from the Settlement Administrator.

2.44    "Requester Claimant" means a Claimant who requested the records of a patient other than himself/herself/itself.

11

**EXECUTION VERSION**

**2.45** "Settlement" means the settlement into which the Parties have entered to resolve the Actions. The terms of the Settlement are as set forth in this Agreement and attached Exhibits.

**2.46** "Settlement Administrator" means Heffler Claims Group LLC, the independent entity selected by the Parties to administer the Settlement and to be approved by the Court.

**2.47** "Settlement Amount" means the monetary relief available to Settlement Class Members for payment of all Valid Claims, which, in the aggregate, shall not exceed thirty-five million-four-hundred-and-twenty-one-thousand-four-hundred-and-forty-two dollars and zero cents ($35,421,442.00). The **Settlement Amount**, the **Class Service Awards**, the **Fee Award**, and the **Administration Expenses** represent the limit and extent of Defendants' monetary obligations under this Settlement.

**2.48** "Settlement Class" means any Person who, from July 1, 2011 through the date of entry of the Preliminary Approval Order: (i) paid a basic, retrieval and/or a certification fee charged by Ciox, HealthPort, IOD, Aurora or Columbia St. Mary's, in violation of Wis. Stat. §146.83(3f)(b)(4) - (5); and who (ii) has not already been reimbursed for such basic, retrieval, and/or certification fees. Excluded from the Settlement Class are (i) Defendants, any predecessor, subsidiary, sister and/or merged companies, and all of the present or past directors, officers, employees, principals, shareholders and/or agents of the Defendants; (ii) Any and all Federal, State, County and/or Local Governments, including, but not limited to their departments, agencies, divisions, bureaus, boards, sections, groups, councils and/or any other subdivision, and any claim that such Governmental Entities may have, directly or indirectly; (iii) Any currently-sitting Wisconsin state court Judge or Justice, or any federal court Judge currently or previously sitting in Wisconsin, and the current spouse and all other persons within the third degree of consanguinity

12

to such judge/justice; and (iv) Any law firm of record in these proceedings, including any attorney of record in these proceedings.

**2.49**    "Settlement Fund" means the bank account into which Ciox's payment of monies, as described in Section 3.1, shall be deposited.

**2.50**    "Settlement Hotline" means the call center with a voice recorded interactive voice response system providing straightforward and user-friendly answers to frequently asked questions about class action settlements generally and information about the Actions, the Settlement, and relevant documents.

**2.51**    "Settlement Notice" means a long form notice substantially in the form attached as Exhibit 3, to be approved by the Court, and to be disseminated in accordance with Section V of this Agreement.

**2.52**    "Settlement Website" means the website to be created for this Settlement that will include straightforward and user-friendly information about the Actions, the Settlement, and relevant documents, as well as electronic and printable forms relating to the Settlement, including the Claim Form, which can be submitted online or printed and mailed, and which Settlement Class Members can visit to read or request additional information regarding the Settlement. The Settlement Website will not include any of Defendants' logos or trademarks. The Settlement Website shall be activated when Class Notice is commenced and can be found at www.Moyasettlement.com.

**2.53**    "Valid Claim" means a Claim Form submitted by a Settlement Class Member that is: (i) submitted in accordance with the directions accompanying the Claim Form(s) and the provisions of the Settlement; (ii) on the initial submission, accurately, fully and truthfully completed and executed, with all of the information requested in the Claim Form, by a Settlement

Class Member; (iii) signed physically or by e-signature, subject to the penalty of perjury, by the Individual Claimant or, for a Requester Claimant, the managing shareholder or partner of any law firm entity that is a member of the Settlement Class (or, if such Requester Claimant is not a law firm, such person with authority to settle and resolve the Settlement Class Member's legal rights), subject to the penalty of perjury; (iv) returned via mail and received by the Claim Form Deadline, or, if submitted online, is submitted by 11:59 p.m. Central time on the Claim Form Deadline; and (v) determined to be valid by the Settlement Administrator, understanding that each order of medical records containing the unique Invoice Number must be submitted individually and on its own Claim Form. The Settlement Administrator may require additional information from the Settlement Class Member to validate the Claim. To have a Valid Claim, a Settlement Class Member must not have already been paid or reimbursed, directly or indirectly, in whole or in part, for the certification, retrieval, and/or basic fees paid to Ciox, HealthPort, Aurora, IOD or Columbia St. Mary's.

## III.    SETTLEMENT BENEFITS AND CLAIMS ADMINISTRATION

**3.1**    If final approval of the Settlement is granted, Ciox will fund the Settlement Fund with an initial payment into the Settlement Fund of $3,000,000.00 within thirty (30) days of the Effective Date. If Claims received exhaust the initial payment, Ciox will deposit additional funds as needed to satisfy all Valid Claims received up to a limit of $35,421,442.00. The consideration paid by Ciox under this Settlement Agreement shall be deemed to be paid on behalf of all Defendants.

**3.2**    Subject to the Settlement Administrator's verification of each Claim submitted, Valid Claims will be paid as follows: Settlement Class Members will be reimbursed twice the total

amount of any certification and/or retrieval/basic fees paid to Ciox, HealthPort, Aurora, IOD or Columbia St. Mary's for copies of such Settlement Class Member's healthcare records.

3.3     Subject to the rights and limitations set forth in this Agreement, every Class Member shall have the right to submit a Claim for a Settlement Benefit.  A Claim shall be a Valid Claim only if submitted on the Claim Form, which may be accessed online using the unique Class Member identifier provided by the Settlement Administrator, pursuant to and in compliance with the procedures set forth herein.  Submission of a Claim, regardless of whether it is determined to be a Valid Claim, shall confer no rights or obligations on any Party, any Class Member, or any other Person, except as expressly provided herein.  No Claims may be submitted as a group, aggregate, or class of persons.

3.4     At the election of the Class Member, a Claim Form may be submitted in paper via first class mail or online at the Settlement Website.  A Claim Form must be received by the Settlement Administrator or submitted online no later than the Claim Form Deadline.  A Claim Form received by or submitted online after that date will not be a Valid Claim.  The Settlement Administrator shall track Claim Forms with unique security identifiers or control numbers.

3.5     To receive a Benefit, Individual Claimants must submit a Valid Claim Form, on the form attached as Exhibit 1, for each order of medical records containing a unique Invoice Number where the Individual Claimant was charged basic, certification, and/or retrieval fees.  Further, the Individual Claimant, or a Person with authority to bind the Individual Claimant, must submit a signed certification that the Individual Claimant, among other things:

> (a)     Has read and understands the proof of Individual Claim Form;
>
> (b)     Believes in good faith that he/she is a member of the Settlement Class because he/she (i) has previously requested directly or had authorized

**EXECUTION VERSION**

someone in writing to obtain copies of their medical records, or (ii) has requested a patient's medical records pursuant to a written authorization from the patient;

(c)     Was charged for basic, certification, and/or retrieval fees;

(d)     Has neither assigned any right to recover these fees to any other party nor been reimbursed in part or in whole by a third-party for the fees; and

(e)     Has not not submitted any other Claim for the same payments and has not authorized any other Person or entity to do so, and knows of no other Person or entity having done so on his or her behalf.

3.6     To receive a Benefit, Requester Claimants must submit a Valid Claim Form, in the form attached as Exhibit 2, for each order of medical records containing a unique Invoice Number where the Requester Claimant was charged basic, certification, and/or retrieval fees.  Further, a person with authority to bind the Requester Claimant[1] must submit a signed certification stating:

(a)     That the Requester Claimant has read and understands the Requester Claim Form and believes in good faith that it is a member of the class because it was previously authorized in writing by an individual to obtain copies of that person's medical records;

(b)     The amount paid for basic, certification, and/or retrieval fees;

(c)     The Invoice Number related to the basic, certification, and/or retrieval fees in question;

---

[1] For law firms, the certifications shall be provided by the managing shareholder, partner or other person who has authorization to settle or resolve the law firm's legal rights under the penalty of perjury, and for other entities the certifications shall be provided by such person who has authority to settle and resolve that entity's legal rights.

16

(d)    The case style, including cause number and court, or the claim number and insurance company name for any lawsuit or legal claim for which medical records were requested;

(e)    Whether the lawsuit or legal claim for which the medical records were requested is still open or pending;

(f)    If the lawsuit or legal claim for which the medical records were requested is not still open or pending, then the date on which the matter for which the medical records were obtained for the individual was closed without reimbursement of the basic, certification, and/or retrieval fees;

(g)    That neither the individual nor anyone else has reimbursed the Requester Claimant, directly or indirectly, in part or in whole, for payment of any attorneys' fees or expenses in connection with representation, including but not limited to the basic, certification, and/or retrieval fees for the medical records in question;;

(h)    That the entity has not assigned any right to recover these fees to any other party; and

(i)    The entity's tax payer identifier.

(j)    For the avoidance of doubt, if a law firm paid for basic, retrieval, and/or certification fees in connection with medical records it requested on behalf of its client for use in a lawsuit, and that lawsuit has since resolved with the law firm receiving or obtaining for its client some amount of monetary relief (e.g. payment or reimbursement), then in that situation the law firm will be presumed to be ineligible to submit a Valid Claim.

17

3.7    To be eligible for a Benefit, a Requester Claimant must timely submit a Valid Claim Form(s) for each order of medical records containing a unique Invoice Number.  Requester Claimants who submit a Valid Claim, as determined by the Settlement Administrator, shall receive a Benefit.  No more than one Benefit will be paid for each basic, certification, and/or retrieval fee charged and paid.

3.8    If the total amount of Valid Claims exceeds the Settlement Amount, then the Benefit payable to each Claimant shall be reduced pro rata, such that Defendants' maximum liability under this Agreement for Valid Claims shall not exceed the Settlement Amount in the aggregate.

3.9    The Settlement Administrator shall be responsible for, among other things, providing notice, processing Claim Forms, administering the Settlement Website, which will not include any of Defendants' logos or trademarks, as well as the voice recorded interactive response with FAQs, the Opt-Out process, and Benefit claims process described herein (including receiving and maintaining on behalf of the Court and the Parties any Settlement Class Member correspondence regarding Opt-Out requests from the Settlement Class).  To prevent the payment of fraudulent Claims and to pay only Valid Claims, the Settlement Administrator will use adequate and customary procedures and standards, including, without limitation:  (i) tracking claim forms with unique security identifiers or control numbers issued to persons who seek to file a Claim Form; (ii) screening that each Claim Form has a valid security code or unique class member identifier number; (iii) screening for duplicate Claims; (iv) ensuring that each Settlement Class Member has provided complete, truthful, and accurate information on the initial submission of the Claim Form; and (v) reviewing Claims for evidence of fraud.  The Settlement Administrator and Parties shall have the right to audit Claims and the Settlement Administrator may request

additional information from Claimants, including by cross-examination, necessary to validate Claims and/or reject a Claim Form where—in the Settlement Administrator's sole discretion and judgment—there is evidence or suspicion of fraud. If any fraud is detected or reasonably suspected, the Settlement Administrator and Parties can require information from the Settlement Class Members (including by cross-examination) or deny claims, subject to the supervision of the Parties and ultimate oversight by the Court.

3.10    The Settlement Administrator shall use best efforts to determine validity of Claims within one-hundred-and-twenty (120) days of the Effective Date. In the event that validation is not practicable within one-hundred-and-twenty (120) days, the Settlement Administrator shall have an additional one-hundred-and-twenty (120) days to complete the validation of Claims. The Settlement Administrator shall approve or deny all Claims, and its decision shall be final and binding, except that Class Counsel and Defendants shall have the right to audit claims and to challenge the Settlement Administrator's decision by motion to the Court.

3.11    Defendants' choice not to audit the validity of any one or more Claim Form shall not constitute or be construed as a waiver or relinquishment of any audit or other rights as to any other Claim Form, individually or as a group, and similarly shall not be construed as a waiver or relinquishment by the Party as to any of its audit and other rights under this Agreement. Nothing in this Agreement or claims process creates a claim by any Person against Class Representatives, Defendants, Defendants' counsel, or the Settlement Administrator based on any determination of a Valid Claim, distributions, or awards made in accordance with this Agreement and the Exhibits hereto, and all relief shall be solely as provided in this Agreement and by its Claims process. Neither Plaintiffs nor Defendants, nor their counsel, shall have any liability whatsoever for any act or omission of the Settlement Administrator.

**3.12**    Settlement Class Members will have the opportunity to select an electronic payment option on the Claim Form for payment of Valid Claims.  Should a Settlement Class Member select such electronic means, within thirty (30) days of the Settlement Administrator's validity determination, as described in Section 3.10 above, the Settlement Administrator shall send to each such Settlement Class Member who submitted a Valid Claim an email (or a postcard, if no email address is available) that (i) explains that the Court has granted final approval of the Settlement, (ii) confirms the actual amount of the Settlement Class Member's potential benefit, and (iii) provides a menu of cost-effective electronic payment options, including direct deposit and various digital payment methods.  Each such Settlement Class Member shall select one of the identified payment options and provide the information required to make the payment (i.e., routing and account numbers for a direct deposit and email address or phone number for a digital payment) within thirty (30) days after the email or postcard requesting the Settlement Class Member's payment preference is sent.  If any Settlement Class Member fails to submit his/her/its preferred payment option (and the information necessary to make such payment) by the thirty (30) day deadline, the Settlement Administrator shall send a reminder email (or postcard, if no email address is available) requesting the information needed to receive a Benefit Payment.  Upon receipt of the payment option election, the Settlement Administrator shall cause the distribution of the Class Benefits pursuant to the payment option selected by each Settlement Class Member.  Valid Claims shall be paid to the Settlement Class Members and mailed to the address provided on the Claim Form within sixty (60) days after the validity of all claims is determined pursuant to Sections 3.9 and 3.10 above. All Benefit Checks shall be subject to a one-hundred-twenty (120) day void period, after which the checks shall no longer be negotiable.  If a Benefit Payment is not negotiated, the Settlement Class Member shall not be entitled to any further payment under this Agreement.

20

If the Benefit Payment is returned as undeliverable, the Settlement Administrator shall send an email to the Claimant, if an email address was provided with the Claim, in an attempt to obtain a better address, and if obtained, shall mail the Benefit Payment to the new address, but shall have no other obligation to skip-trace or obtain an updated address; if such Claimant did not provide an email address with the Claim, the Settlement Administrator shall perform skip-tracing and re-mail the Benefit Payment to any new address discovered through the skip-tracing process. The return or failure to cash checks or, for those Settlement Class Members that elected to receive electronic payment, to provide the information required to issue a payment, shall have no effect on a Settlement Class Member's release of claims, obligations, representations, or warranties as provided herein, which shall remain in full effect.

3.13    No deductions for taxes will be taken from any Benefit at the time of distribution. Settlement Class Members are responsible for paying any taxes due on such Benefits. All Benefit Payments shall be deemed to be paid solely in the year in which payments are actually issued. The Parties do not purport to provide legal advice on tax matters to each other or Settlement Class Members. To the extent this Agreement, or any of its Exhibits or related materials, is interpreted to contain or constitute advice regarding any U.S. Federal or any state tax issue, such advice is not intended or written to be used, and cannot be used, by any Person for the purpose of avoiding penalties under the Internal Revenue Code or any state's tax laws.

3.14    Ciox shall be responsible for paying all fees and expenses incurred by the Settlement Administrator in administering claims and performing the other tasks set forth in Sections III and IV.

3.15    Ciox shall be responsible for paying on a claims-made basis the Settlement Amount, in an amount not to exceed thirty-five-million-four-hundred-twenty-one-thousand-four-

hundred-forty-two dollars and zero cents ($35,421,442.00).  For the avoidance of doubt, the Settlement Amount, the Class Service Awards, Fee Award, and the Administrative Expenses represent the limit and extent of Defendants' monetary obligations under this Settlement.

3.16     As soon as practicable after the Settlement Administrator completes its determination of the validity of all Claims pursuant to Section 3.10 above, the Settlement Fund will be wound down.  In the event that after all Benefits have been paid there are funds remaining in the Settlement Fund from funds paid in pursuant to Section 3.1 above, including accrued interest ("Residual Funds"), then the Settlement Administrator shall disburse 100% of such Residual Funds to the Wisconsin Trust Account Foundation, Inc. ("WisTAF") to support direct delivery of legal services to persons of limited means in non-criminal matters, or as the Court may otherwise direct.   However, notwithstanding any other provision in this Agreement, any portion of the $35,421,442.00 maximum settlement amount that is in excess of the specific amounts that are required to be deposited by Ciox under Section 3.1 is not and shall not be considered as Residual Funds and shall not be funded by Ciox or any other Person.

## IV.     NOTICE

4.1     Prior to the Notice Date, the Settlement Administrator shall establish the Settlement Website, which shall contain the Settlement Notice with a table of contents, answers to frequently asked questions, a contact information page that includes the address for the Settlement Administrator and addresses and telephone numbers or email address for Class Counsel and Defendants' counsel as well as the Settlement Agreement, signed Preliminary Approval Order, downloadable and online version of the Claim Form which may be accessed using a unique class member identifier provided on the notice or by request to the Settlement Administrator.  Once

filed, the Motion for Final Approval of the Settlement and the application for Fee Award and Class Service Awards will also be available on the Settlement Website.

4.2    In addition to the Settlement Notice as set forth in Sections 4.1 and 4.4, the Settlement Website shall permit Settlement Class Members who elect to do so to register online to receive email notice that the Court has granted the Final Approval Order and updates on the deadlines to submit Claim Forms and the status of payments under the terms of the Settlement.

4.3    The Settlement Website and voice recorded interactive voice response with FAQs and no live operators shall remain accessible until sixty (60) days after all Benefit Payments are distributed.

4.4    Direct notice shall be provided by mail or email.  The Settlement Administrator shall provide a declaration in support of preliminary approval attesting that the means of providing notice are the best practicable under the circumstances, including the reasons for selections of the methods of notice and computation of the expected notice reach.

4.5    The Parties shall supervise the Settlement Administrator in the performance of the notice functions set forth in this Section.  At least fourteen (14) days prior to the Final Approval Hearing, the Settlement Administrator shall provide a declaration stating that notice was provided as required herein, attesting to the number of impressions and reach of the notice, and stating how many direct notices were delivered and how many were returned undelivered.

## V.    CLASS COUNSEL'S APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND CLASS SERVICE AWARDS

5.1    No later than fourteen (14) days prior to the Final Approval Hearing, Class Counsel will submit to the Court an application seeking a Fee Award (the "Fee Application") of no more than eight million dollars ($8,000,000.00), to which Defendants will not object. In addition, Class

Representatives may seek a Class Service Award as compensation for their efforts in bringing the Actions and achieving the benefits of the Settlement on behalf of the Settlement Class ("Class Service Award Application").  Defendants will not object to the Class Service Award Application by each Class Representative (i.e., Carolyn Moya and Timothy Rave) so long as it is for no more than fifteen thousand dollars ($15,000.00) each.  Court approval of Class Counsel's Fee Award and Class Service Award will not be a condition of the Settlement.  If the Court denies, in whole or part, Class Counsel's Fee Application and/or Class Service Award Application, or if any Fee Award or Class Service Award ordered by the Court is the subject of any appeal, the remainder of the terms of this Agreement shall remain in effect.  In addition, no interest will accrue on such amounts at any time.  Class Counsel, Plaintiffs, and Class Representative agree not to request, or to accept, any award inconsistent with these terms and conditions of this Agreement, including this Section 5.1.

     **5.2**    Ciox agrees to pay any Fee Award and Class Service Award approved by the Court within sixty (60) days of the Effective Date.

     **5.3**    The Attorneys' Fees and Expenses awarded by the Court as set forth in this Section V shall be the total obligation of Ciox to pay attorneys' fees and expenses of any kind to Class Counsel in connection with these Actions and this Settlement.  In no event shall Ciox be obligated to pay to Class Counsel any amount larger than the amount set forth herein.

     **5.4**    Any payment of a Class Service Award as set forth in this Section V and Benefit from the submission of a Valid Claim shall be the total obligation of Defendants to pay money to Class Representatives in connection with these Actions and this Settlement.  In no event shall Defendants be obligated to pay to Class Representatives any amount larger than the amount set

forth herein other than for a Class Service Award as set forth in this Section V and a Benefit from the submission of a Valid Claim pursuant to Section III of this Agreement.

5.5    Class Counsel shall provide Ciox with all necessary accounting and tax information, including W-9 forms, with reasonable advance notice to allow Ciox to make the Fee Award payment as set forth above.  Once Ciox makes the Fee Award payment to the Settlement Administrator, Defendants shall have no further obligation to pay any additional sums to Class Counsel, nor any responsibility for, interest in, or liability whatsoever with respect to any payment to Class Counsel, and shall be held harmless and indemnified by Class Counsel for the disbursements of the Fee Award, from the Settlement Administrator to Class Counsel, as directed in writing by Class Counsel.

5.6    Defendants shall be responsible for paying their own attorneys' fees and expenses.

## VI.    <u>CLASS SETTLEMENT PROCEDURES</u>

6.1    **Settlement Approval**.  As soon as practicable after the signing of this Agreement, Plaintiff Moya shall move for an order granting preliminary approval to this Agreement as within the range of possible final approval (i) conditionally certifying the Settlement Class for purposes of this Settlement only; (ii) approving Class Notice to the Settlement Class Members as described in Section IV above; (iii) approving the Claim Forms in the forms substantially similar to the ones attached hereto as <u>Exhibit 1</u> and <u>Exhibit 2</u>; and (iv) setting a hearing to consider final approval of the Settlement and any Objections thereto.  Defendants shall have no obligation to make separate filings in support of the motion.  Defendants shall appear at the hearing to confirm their agreement with the terms of the Settlement as provided herein.

6.2    **Rave Action.**    No later than five business days after filing the motion for preliminary approval pursuant to Section 6.1, Rave shall move to stay all proceedings in the Rave

Action pending resolution of the motions for preliminary approval and final approval. If the motion for final approval is granted, then Rave shall, within five business days of the Effective Date, file a stipulation unconditionally and voluntarily dismissing the Rave Action in its entirety with prejudice.

6.3     **Final Approval Order and Judgment**. No later than fourteen (14) days prior to the Final Approval Hearing, Plaintiffs shall move for entry of an order of final approval, granting final approval of this Settlement and holding this Agreement to be final, fair, reasonable, adequate, and binding on all Settlement Class Members who have not excluded themselves as provided herein, and ordering that the settlement relief be provided as set forth in this Agreement, approving and ordering the releases as set forth in Section VII, and entering final judgment dismissing with prejudice all claims asserted in, or that could have been asserted in, these Actions. Defendants shall have no obligation to make separate filings in support of the motion. Defendants shall appear at the hearing to confirm their agreement with the terms of the Settlement as provided herein.

6.4     **Objections**. Any Class Member, on his, her, or its own, or through an attorney hired at his, her, or its own expense, may object to the terms of the Settlement. Any such Objection must be filed with the Court and received by Class Counsel, Defendants' counsel, and the Settlement Administrator no later than the Objection Deadline. To be effective, any such Objection must be in writing and include the contents described below:

(a)     A reference at the beginning to this case, *Moya v. HealthPort Technologies, LLC*;

(b)     The name, address, telephone number, and, if available, the email address of the Class Member objecting, and if represented by counsel, of his/her/its counsel;

(c)     A written statement of all grounds for the Objection, accompanied by any legal support for such Objection;

(d)     Whether he/she/it intends to appear at the Final Approval Hearing, either with or without counsel;

(e)     A statement of his/her/its membership in the Settlement Class, including all information required by the Claim Form;

(f)     A detailed list of any other objections submitted by the Class Member, or his/her/its counsel, to any class actions submitted in any court, whether state or otherwise, in the United States in the previous five (5) years.  If the Class Member or his/her/its counsel has not objected to any other class action settlement in any court in the United States in the previous five (5) years, he/she/it shall affirmatively state so in the written materials provided in connection with the Objection to this Settlement; and

(g)     The objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation).

Any Class Member who fails to timely file and serve a written Objection containing all of the information listed in the items (a) through (g) of the previous paragraph, including notice of his/her/its intent to appear at the Final Approval Hearing, shall not be permitted to object to the Settlement and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by any means, including, but not limited to, an appeal.

Any Class Member who submits a timely written Objection shall consent to deposition at the request of Class Counsel or Defendants' counsel, to occur at least five (5) days prior to the Final Approval Hearing.

If any Objection is received by the Settlement Administrator, the Settlement Administrator shall forward the Objection and all supporting documentation to counsel for the Parties. The failure of the Class Member to comply with the filing requirements of Section 6.4 shall be grounds for striking and/or overruling the Objection, even if the Objection is submitted to the Settlement Administrator.

A Class Member who objects to the Settlement may also submit a Claim Form on or before the Claim Form Deadline, which shall be processed in the same way as all other Claim Forms. A Class Member shall not be entitled to an extension to the Claim Form Deadline merely because the Class Member has also submitted an objection.

**6.5     Opt-Out Requests**. If any Class Member wishes to Opt-Out from (in other words, be excluded from) this Settlement, the Class Member may do so by completing the online exclusion form at the Settlement Website; downloading and submitting to the Settlement Administrator a completed exclusion form; or submitting a valid request to exclude themselves, as described in the Class Notice. Opt-Out requests must be received by the Opt-Out Deadline or they shall not be valid. Class Members who elect to Opt-Out from this Settlement shall not be permitted to object to this Settlement or to intervene. Class Members shall be encouraged, but not required, to provide their email addresses in their requests for exclusion. So-called "mass" or "class" opt-outs shall not be allowed. For the avoidance of doubt, any Class Member who does not timely Opt-Out of this Settlement will be deemed a member of, and will be included within, the Settlement Class without any action on his or her part.

In the event that one thousand (1,000) or more of the Class Members Opt-Out, Defendants shall have the option to elect to terminate this Agreement, in which circumstance the Settlement will become null and void and the parties will return to the *status quo ante*.

At least five (5) days prior to the Final Approval Hearing, the Settlement Administrator shall prepare a list of the names of the persons who, pursuant to the Settlement Notice, have Opted-Out from the Settlement Class in a valid and timely manner, and Class Counsel shall file that list with the Court.

If a Class Member submits both a Claim Form and an Opt-Out request, the Claim Form shall take precedence and be considered valid and binding, and the Opt-Out request shall be deemed to have been sent by mistake and rejected.

The Class Representatives affirmatively support this Settlement and agree not to Opt-Out of this Settlement. Neither Plaintiffs, Class Counsel, Defendants, nor their counsel shall in any way encourage any Class Member to Opt-Out or discourage any Class Member from participating in this Settlement.

**6.6     Effect if Settlement Not Approved, Agreement Is Terminated.** This Agreement was entered into only for purposes of Settlement. In the event that preliminary or final approval of this Settlement and this Agreement do not occur for any reason, or if the Final Approval Order is reversed on appeal, or the Agreement is terminated pursuant to Section 6.7 or 11.1, then no term or condition of this Agreement, or any draft thereof, or discussion, negotiation, documentation, or other part or aspect of the Parties' Settlement discussions shall have any effect, nor shall any such matter be admissible in evidence for any purpose in the Actions, or in any other proceeding (unless Class Counsel and Defendants mutually agree in writing to proceed with this Agreement); and the Actions shall continue as if the Settlement had not occurred. The Parties agree that all drafts,

29

discussions, negotiations, documentation, or other information prepared in relation to this Agreement, and the Parties' settlement discussions, shall be treated as strictly confidential and may not, absent a court order, be disclosed to any Person other than the Parties' counsel, and only for purposes of the Actions.

  **6.7 Remedies for Ciox's Failure to Meet Its Obligations.** If Ciox fails to make the payments required under this Agreement, the Plaintiffs may elect to provide written notice of a default of such obligations to all Defendants, after which a thirty (30)-day Cure Period shall apply. Within the Cure Period, Defendants may elect to provide written notice to Plaintiffs that such unpaid sum is genuinely disputed, in which event the Parties may submit such dispute to the Court for resolution. If Defendants do not provide written notice within the Cure Period that the unpaid sum is genuinely disputed, and if such payment default is not cured within the Cure Period, then Plaintiffs may, at their election and by further written notice to all Defendants, declare an Event of Default. Upon an Event of Default, Plaintiffs may elect to (a) request entry of a money judgment against the Defendants for any amounts that have not been paid; or (b) with respect to any Event of Default that is material, declare the Agreement terminated and the underlying and the Actions shall continue as if the Settlement had not occurred.

## VII. <u>RELEASES</u>

  **7.1** Upon the entry of a Final Approval Order and without any further action by the Court or by any Party to this Agreement, the Settlement Class Members and Plaintiffs, including any Person claiming rights derivative of any Settlement Class Member or Plaintiffs as their parent, child, heir, guardian, associate, co-owner, attorney, agent, administrator, executor, devisee, predecessor, successor, assignee, assigns, representative of any kind, shareholder, partner, director, employee or affiliate, shall be deemed to have, and by operation of the judgment shall have fully,

finally, and forever released, relinquished, and discharged against the Released Parties all Released Claims (including, without limitation, any unknown claims), as well as any claims arising out of, relating to, or in connection with, the prosecution, defense, mediation, settlement, disposition, or resolution of the Actions or the Released Claims. For avoidance of doubt, the releases granted in this section shall be null and void as to any claims that remain unpaid in the event that this Agreement is invalidated pursuant to Section 6.7 above.

  **7.2**   Without limiting the foregoing, the Releases specifically extend to any claims that the Releasing Parties do not know or suspect to exist in their favor at the time that the Settlement, and the Releases contained herein, becomes effective. This Section constitutes a waiver of any and all provisions, rights, and benefits conferred by any law of any state of the United States, or principle of common law or otherwise, which is similar, comparable, or equivalent to section 1542 of the California Civil Code, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Plaintiffs understand and acknowledge the significance of these waivers of California Civil Code section 1542 and any other applicable federal or state statute, case law, rule, or regulation relating to limitations on releases. In connection with such waivers and relinquishment, the Releasing Parties acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally, and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the

release of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

7.3    The Parties shall be deemed to have agreed that the release set forth herein will be and may be raised as a complete defense to and will preclude any action or proceeding based on the Released Claims.  The Final Approval Order shall further provide for and effect the release of all actions, causes of action, claims, administrative claims, demands, debts, damages, costs, attorneys' fees, obligations, judgments, expenses, compensation, or liabilities, in law or in equity, whether now known or unknown, suspected or unsuspected, contingent or absolute, whether existing now or arising in the future, whether asserted or that could or might have been asserted, that Releasing Parties now have or may have against the Released Parties by reason of any act, omission, harm, matter, cause, or event whatsoever arising out of the initiation, prosecution, or settlement of the Actions or the claims and defenses asserted in, or could have been asserted in, the Actions.

7.4    Notwithstanding the above, the Court shall retain exclusive jurisdiction over the Parties and the Agreement with respect to the future performance of the terms of the Agreement, and to assure that all payments and other actions required of any of the Parties by the Settlement are properly made or taken.

7.5    For the avoidance of doubt, neither the Releases nor anything else in this Agreement is intended to release or waive any right or claim to enforce the terms of this Agreement and the Settlement.

## VIII.    FINAL JUDGMENT AND SETTLEMENT APPROVAL

This Agreement is subject to and conditioned upon (i) the issuance by the Court of the Final Approval Order that finally certifies the Settlement Class for the purposes of this Settlement,

grants final approval of the Agreement, enters final judgment dismissing the Moya Action with prejudice, and provides all other relief specified herein, which relief shall be subject to the terms and conditions of the Agreement and the Parties' performance of their continuing rights and obligations hereunder; and (ii) the final dismissal with prejudice of the Rave Action.

## IX.     **REPRESENTATIONS AND WARRANTIES**

Each Party represents and warrants to, and agrees with, the other Party as follows:

**9.1**     Each Party has had the opportunity to receive, and has received, independent legal advice from his or her or its attorneys regarding the advisability of making the Settlement, the advisability of executing this Agreement, and the legal and income tax consequences of this Agreement, and fully understands and accepts the terms of this Agreement.

**9.2**     Defendants represent and warrant:  (i) that they have the requisite corporate power and authority to execute, deliver, and perform the Agreement and to consummate the transactions contemplated hereby; (ii) that the execution, delivery, and performance of the Agreement and the consummation by them of the actions contemplated herein have been duly authorized by necessary corporate action on the part of Defendants; (iii) that the Agreement has been duly and validly executed and delivered by Defendants and constitutes their legal, valid, and binding obligations and (iv) Ciox will have sufficient resources to fulfill its obligations under this Agreement.

**9.3**     The Class Representatives represent and warrant that they are entering into the Agreement on behalf of themselves individually and as proposed representatives of the Settlement Class Members of their own free will and without the receipt of any consideration other than what is provided in the Agreement or disclosed to, and authorized by, the Court.  Class Representatives represent and warrant that they have reviewed the terms of the Agreement in consultation with

Class Counsel and believe them to be fair and reasonable, and covenant that they will not file an Opt-Out request from the Settlement Class or object to the Agreement.

9.4     Plaintiffs represent and warrant that no portion of any claim, right, demand, action, or cause of action against any of the Released Parties that Plaintiffs have or may have arising out of the Actions or pertaining to their fees paid as otherwise referred to in this Agreement, and no portion of any recovery or settlement to which Plaintiffs may be entitled, has been assigned, transferred, or conveyed by or for Plaintiffs in any manner; and no Person other than Plaintiffs has any legal or equitable interest in the claims, demands, actions, or causes of action referred to in this Agreement.

9.5     No Party relies or has relied on any statement, representation, omission, inducement, or promise of the other party (or any officer, agent, employee, representative, or attorney for any other party) in executing this Agreement or entering the Settlement provided for herein, except as expressly stated in this Agreement.

## X.     <u>NO ADMISSIONS OF FAULT</u>

This Agreement and every term contained in it is conditioned upon final approval of the Court and is made for settlement purposes only.  Whether or not consummated, this Agreement shall not be construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession, or an admission by Plaintiffs, Defendants, any Settlement Class Member, or any Released Party, of the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in any litigation, or the deficiency of any claim or defense that has been, could have been, or in the future might be asserted in any litigation, or of any liability, fault, wrongdoing, or otherwise of such Party.

## XI.    MISCELLANEOUS PROVISIONS

**11.1    Termination of Agreement**.  In addition to the provisions of Section 6.7, the Parties shall each have the right to terminate this Settlement (except with respect to subparagraphs (c) and (f) of this section for which only Defendants, in the exercise of their sole discretion, shall have the right to terminate this Settlement) by providing written notice of their election to do so to the other within thirty (30) days of:

(a)    The parties' failure to obtain and maintain preliminary approval of this Settlement in materially the same form as set forth herein;

(b)    Any court requiring a notice program in addition to or in any form materially different from that set forth herein;

(c)    The Court materially modifying this Settlement in any manner, including but without limitation, one that increases the financial costs to Defendants;

(d)    The Court failing to enter a final order and judgment consistent with this Settlement;

(e)    The Court's final order and judgment consistent with this Settlement is reversed or materially modified on appeal; and/or

(f)    More than 1,000 members of the Settlement Class decide to Opt-Out from the Settlement.

**11.2    Entire Agreement**.  This Agreement, together with the Exhibits hereto, constitutes the entire agreement between the Parties with respect to the subject matter of the Settlement and supersedes all prior negotiations, communications, memoranda, and agreements between the Parties.  Neither Plaintiffs nor Defendants are entering into this

Agreement in reliance upon any representations, warranties, or inducements other than those contained in this Agreement.

**11.3    Execution Date**.  The Settlement Agreement shall be deemed executed as of the last date of signature by the Parties.

**11.4    Change of Time Periods**.  The time periods and/or dates described in this Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by the written agreement of Class Counsel and Defendants' counsel, without notice to Class Members except that the Settlement Administrator shall ensure that such dates are posted on the Settlement Website and provided on the Settlement Hotline.

**11.5    Extension of Time**.  The Parties reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extension of time that might be needed to carry out any of the provisions of this Agreement.

**11.6    Media and Contact of Class Members**.  Except as required by the Parties in accordance with applicable law, rule, or regulation (e.g., securities law, rules, or regulations), or any other exception expressly provided herein, to avoid contradictory, incomplete, or confusing information about the Settlement, the Parties agree that if they want to make any written press releases, disclosures on their websites, or statements to the media about or promotional materials that reference the existence or terms of the Settlement or the Actions before the Final Approval Hearing, such releases or statements must be approved by the Parties in advance and, where desired by the other Party, made jointly.  Any party can respond to inquiries initiated by the media, and in doing so may decline to comment, but otherwise shall only refer to the Class Notice, a statement approved by the other Party, and/or defer to the court file in these Actions, but shall not provide any further comment.  Nothing provided herein shall

prevent Defendants from communicating with their clients, investors, or lenders about the Settlement or the Actions without the prior approval of Class Counsel. Except as noted herein and by mutual agreement of the Parties, the Class Notice shall constitute the only communication with Class Members regarding the Settlement prior to the Final Fairness Hearing. Notwithstanding, Class Counsel and Defense Counsel can answer any inquiries initiated by Class Members and Class Counsel may communicate freely with Plaintiffs.

**11.7    Cooperation**. Defendants, Plaintiffs, and their respective counsel agree to work cooperatively to prepare and execute any additional documents that may reasonably be necessary to effectuate the terms of this Agreement. The Parties shall cooperate with the Settlement Administrator to the extent reasonably necessary to assist and facilitate the Settlement Administrator in carrying out its duties and responsibilities. The Parties will also cooperate so that Class Counsel may have such confirmatory discovery as is reasonably necessary in connection with this Agreement.

**11.8    Plaintiffs' Authority**. Class Counsel represent and warrant that they are authorized to take all appropriate actions required or permitted to be taken by or on behalf of the Plaintiffs and, subsequent to an appropriate Court Order, the Settlement Class in order to effectuate the terms of this Agreement and are also authorized to enter into appropriate modifications or amendments to this Agreement on behalf of the Plaintiffs and, subsequent to an appropriate Court Order, the Class Members.

**11.9    Governing Law**. This Agreement shall be construed and governed in accordance with the laws of the State of Wisconsin, without regard to Wisconsin's conflict-of-laws principles.

**11.10   Stay Pending Court Approval**. Class Counsel and Defendants' counsel agree to stay all proceedings, other than those proceedings necessary to carry out or enforce the terms and

conditions of the Settlement, until the Effective Date of the Settlement has occurred. If, despite the Parties' best efforts, this Agreement should fail to become effective, the Parties will return to their prior positions in the Actions, in accordance with Section 7.5 of this Agreement.

The Parties also agree to use their best efforts to seek the stay and dismissal of, and to oppose entry of any interim or final relief in favor of any Settlement Class Member in, any other proceedings against any of the Released Parties that challenge the Settlement or otherwise assert or involve, directly or indirectly, a Released Claim.

**11.11　Construing the Agreement**. This Agreement shall not be construed more strictly against one Party than another merely by virtue of the fact that it may have been initially drafted by counsel for only one of the Parties. It is recognized that this Agreement is the result of arm's-length negotiations between the Parties and it is acknowledged that all Parties have contributed substantially to the preparation of this Agreement; accordingly, the doctrine of *contra proferentum* shall not apply in construing this Agreement, nor shall any other such similar doctrine apply.

**11.12　Evidentiary Preclusion**. The Parties agree that, to the fullest extent permitted by law, neither this Agreement nor the Settlement, nor any act performed nor document or communication made pursuant to or in furtherance of this Agreement or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any claim or of any wrongdoing or liability of the Released Parties; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Released Party or the appropriateness of class certification in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. In addition, any failure of the Court to approve the Settlement and/or any objections or interventions may not be used as evidence in the Actions or any other proceeding for any purpose whatsoever. However, the

Released Parties may file the Agreement and/or the Final Approval Order in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

**11.13  Effect of Non-Approval**.  In the event that this Agreement is not approved by the Court in substantially its present form, any Objection to the Settlement is sustained by the Court, or the Settlement does not become final for any reason, including Termination pursuant to Section 11.1 above, the terms and provisions of this Agreement shall have no further force and effect with respect to the Parties or the Class Members, and shall not be used in these Actions or in any other action or proceeding for any purpose, and any order or judgment entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*.  In such event, this Agreement and all negotiations, proceedings, documents prepared, and statements made in connection with this Agreement shall be without prejudice to any Party or Class Member and shall not be admissible or offered into evidence in any action or proceeding, and shall not be deemed, asserted, or construed to be an admission or confession by any Party or any other Person or entity of any fact, matter, or proposition of law, and shall not be used or asserted in any other manner or for any purpose, and all Parties and Class Members shall stand in the same position as if this Agreement and Settlement had not been negotiated, made, or submitted to the Court.

**11.14  Signatures**.  This Agreement may be executed in counterparts, and, when so executed, shall constitute a binding original; each of which shall be deemed an original but all of

**EXECUTION VERSION**

which together shall constitute one and the same instrument.  Facsimile signatures or signatures sent by email shall be deemed original signatures and shall be binding.

      **11.15   Notices**.  Whenever this Agreement requires or contemplates that one Party shall or may give notice to the other, notice shall be provided in writing by United States First Class Mail and email to:

      1.      If to Plaintiffs or Class Counsel:

      Robert J. Welcenbach
      Welcenbach Law Offices
      933 North Mayfair Road,
      Suite 311
      Milwaukee, WI 53226
      robert@welcenbachlaw.com

      J. Craig Jones
      Jones & Hill, LLC
      131 Highway 165
      Oakdale, LA 71463
      craig@joneshilllaw.com

      Scott C. Borison
      Legg Law Firm, LLP
      38 S. Paca St., #116,
      Suite B
      Baltimore, MD 21201
      borison@legglaw.com

2.    If to Defendant or Defendants' counsel:

Jay P. Lefkowitz
Nathaniel J. Kritzer
Gilad Bendheim
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
lefkowitz@kirkland.com
nathaniel.kritzer@kirkland.com
gilad.bendheim@kirkland.com

Michael Sullivan
Womble Bond Dickinson (US) LLP
Atlantic Station
271 17th Street, NW
Suite 2400
Atlanta, GA 30363-1017
Michael.Sullivan@wbd-us.com

Daniel Manna
Gass Weber Mullins LLC
241 N. Broadway, Suite 300
Milwaukee, Wisconsin  53202
manna@gwmlaw.com

Bradley S. Foley
Gutglass, Erickson, Bonville & Larson, S.C.
735 North Water Street, Suite 1400
Milwaukee, WI  53202
bradley.foley@gebsc.com

**11.16  Good Faith.**  The Parties agree that they will act in good faith to promote the

consummation of this Settlement and achievement of an Effective Date and will not engage in any

conduct that will or may frustrate the purpose of this Agreement.

**11.17  Protective Orders.**  All orders, settlement agreements and designations regarding

the confidentiality of documents and information ("Protective Orders") remain in effect, and all

Parties and counsel remain bound to comply with the Protective Orders, including the provisions to certify the destruction of "Confidential" documents.

**11.18 Binding on Successors**.   This Agreement shall be binding upon the heirs, executors, administrators, successors, and assigns of the Plaintiffs, Settlement Class Members, and Defendants.

**11.19 Arm's-Length Negotiations**.   The determination of the terms and conditions contained herein and the drafting of the provisions of this Agreement have been by mutual understanding after negotiation, with consideration by, and participation of, the Parties hereto and their counsel and under the supervision of, and upon specific recommendations provided by, John W. Perry.

**11.20 Variance**.   In the event of any variance between the terms of this Agreement and any of the Exhibits hereto, the terms of this Agreement shall control and supersede the Exhibit(s).

**11.21 Exhibits**.   All Exhibits to this Agreement are material and integral parts hereof and are incorporated by reference as if fully rewritten herein.

**11.22 Taxes**.   No opinion concerning the tax consequences of the Agreement to any Plaintiff or Settlement Class Member is given or will be given by Defendants, Defendants' counsel, or Class Counsel; nor is any Party or their counsel providing any representation or guarantee regarding the tax consequences of the Agreement as to any Plaintiffs or Settlement Class Member.  Each Plaintiffs (including Class Counsel) and Settlement Class Member is responsible for his/her/its tax reporting and other obligations respecting the Agreement, if any.  Plaintiffs' counsel will furnish any required tax documents.

**11.23 Retention of Jurisdiction**.   The Court shall retain exclusive jurisdiction with respect to the implementation and enforcement of the terms of this Agreement, and all Parties

hereto submit to the jurisdiction of the Court only for purposes of implementing and enforcing the agreements embodied in this Agreement.

**11.24   Attorneys' Fees**.  Notwithstanding any of the provisions herein, if any party finds it necessary to institute legal proceedings to enforce another party's obligation under this Agreement, the prevailing party in any such action shall be entitled to recover its reasonable attorneys' fees and costs.

**11.25   Support from the Parties**.  After a full investigation, discovery and arm's-length negotiations, and after considering the risks and costs of further litigation, Plaintiffs and Class Counsel are satisfied that the terms and conditions of this Agreement are fair, reasonable, adequate, and equitable, and that this Settlement is in the best interest of the Settlement Class Members. Defendants and their counsel agree that the settlement is fair, adequate, and reasonable in light of the merits and risks of the case.  While continuing to deny all allegations of wrongdoing and disclaiming any liability with respect to any and all claims, Defendants consider it desirable to resolve the controversy on the terms stated herein and have therefore determined that this Settlement is in their best interests.  The Parties further agree that they shall support motions for entry of the Preliminary Approval Order and Final Approval Order.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by their duly authorized representatives.

Dated this 23rd day of July, 2019.

**EXECUTION VERSION**

_(signature)_

Robert J. Welcenbach
Welcenbach Law Offices
933 North Mayfair Road,
Suite 311
Milwaukee, WI 53226

_(signature)_

J. Craig Jones
Jones & Hill, LLC
131 Highway 165
Oakdale, LA 71463

_(signature)_

Scott C. Borison
Legg Law Firm, LLP
38 S. Paca St., #116,
Suite B
Baltimore, MD 21201

EXECUTION VERSION

*Counsel for Plaintiffs and the Settlement Class*

Nathaniel J. Kritzer
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Michael J. Sullivan
Womble Bond Dickinson
271 17th Street NW
Atlanta, GA, US 30363
(404) 879-2438

Daniel Manna
Gass Weber Mullins LLC
241 North Broadway,
Milwaukee, WI 53202
(414) 224-3447

*Counsel for Ciox*

*Counsel for Ciox
and Aurora*

*Counsel for Ciox
and Aurora*

Bradley S. Foley   7/23/19
Bradley S. Foley
Gutglass, Erickson, Bonville & Larson S.C.
735 North Water Street, Suite 1400
Milwaukee, WI 53202
(414) 273-1144

*Counsel for Columbia St. Mary's*

## <u>LIST OF EXHIBITS</u>

Exhibit 1:      Individual Claim Form
Exhibit 2:      Requester Claim Form
Exhibit 3:      Settlement Notice
Exhibit 4:      Postcard Notice
Exhibit 5:      Proposed Preliminary Approval Order
Exhibit 6:      Proposed Judgment/Final Approval Order

**IMPORTANT LEGAL MATERIALS**

FILED
07-30-2019
John Barrett
~~Clerk of Circuit Court~~
2013CV002642

## CLAIM FORM FOR INDIVIDUAL CLAIMANTS

### GENERAL INSTRUCTIONS

If you are an Individual Claimant, please use this Claim Form. If you are a Requester Claimant, do not use this Claim Form but instead use the Requester Claim Form ("Claim Form").

To make a claim under the Settlement, you must complete this form and submit it online or mail it to the address at the bottom of this form. Your Claim Form must be addressed and received by the Settlement Administrator by 11:59 p.m. on [60 days after Notice Date]. The information will not be disclosed to anyone other than the Court, the Settlement Administrator, and the Parties in this case, and will be used only for purposes of administering this Settlement (such as to audit and review a claim for completeness, truth, and accuracy).

You can submit a Claim for a Benefit under this Settlement if you, from July 1, 2011 through Preliminary Approval: (i) paid a basic, retrieval and/or a certification fee charged by Ciox, HealthPort, IOD, Aurora or Columbia St. Mary's, in violation of Wis. Stat. §146.83(3f)(b)(4)-(5); and who (ii) has not already been reimbursed for such basic, retrieval, and/or certification fees. Settlement Class Members who submit Valid Claims will be reimbursed twice the total amount of any certification, retrieval, and/or basic fees paid to Ciox, HealthPort, Aurora, IOD, or Columbia St. Mary's for copies of such Settlement Class Member's healthcare records, subject to the number of Valid Claims submitted. The average certification, retrieval, and/or basic fees were $22.58.

**Settlement Class Members who seek payment from the Settlement must complete and return this Claim Form.** Completed Claim Forms must be mailed to the Settlement Administrator at NAME, P.O. Box ###, CITY, STATE #### or can be submitted via the Settlement Website, www.Moyasettlement.com. **Claim Forms must be RECEIVED or SUBMITTED ONLINE NO LATER THAN [60 days after Notice Date], 2019 at 11:59 p.m., Central Time.**

Before you complete and submit this Claim Form by mail or online, you should read and be familiar with the Class Notice available at www.Moyasettlement.com. Defined terms (with initial capitals) used in these General Instructions have the same meaning as set forth in the Settlement Agreement. By submitting this Claim Form, you acknowledge that you have read and understand the Class Notice, and you agree to the Release(s) included as a material term of the Settlement Agreement.

If you fail to timely submit a Claim Form, you may be precluded from any recovery from the Settlement Amount. If you are a member of the Settlement Class and you do not timely and validly seek to Opt-Out from the Settlement Class, you will be bound by any judgment entered by the Court approving the Settlement regardless of whether you submit a Claim Form. You must submit a Claim Form for each order of medical records whereby the Individual Claimant was charged basic, certification and/or retrieval fees. To receive the most current information and regular updates, please submit your Claim Form on the Settlement Website at www.Moyasettlement.com.

**Claimant Information**

Claimant Name: _____
First Name                              MI     Last Name

Street Address: _____

Street Address2: _____

City: _____     State: _____     Zip Code: _____

Daytime Phone Number: ( _____ ) _____ - _____

Evening Phone Number: ( _____ ) _____ - _____

E-mail Address: _____

Unique Class Member Identifier:



By signing below, you are submitting to the jurisdiction of the Wisconsin Circuit Court, Milwaukee County, Wisconsin.

## Certification or Affirmation under Penalty of Perjury

**I hereby certify or affirm under penalty of perjury that:**

1. I have read the Settlement Agreement and agree to its terms, including the Release(s);
2. I have read and understand the proof of Claim Form;
3. The information provided in this Claim Form is accurate and complete to the best of my knowledge, information, and belief;
4. I believe in good faith that I am a member of the Settlement Class because (i) I previously requested directly or had authorized someone in writing to obtain copies of my medical records; or (ii) I have requested a patient's medical records pursuant to a written authorization from the patient;
5. I was charged for basic, certification, and/or retrieval fees;
6. I did not request to Opt-Out from the Settlement Class;
7. I have not already entered into a settlement for any of the Claims set forth in this Claim Form;
8. I am not (a) an employee, principal, legal representative, successor, or and assign of Defendants or their affiliated entities; (b) a Federal, State, County and/or Local Government entity, including, but not limited to its departments, agencies, divisions, bureaus, boards, sections, groups, councils and/or any other subdivision, and any claim that such governmental entities may have, directly or indirectly; (c) any currently-sitting Wisconsin state court Judge or Justice, or any federal court Judge currently or previously sitting in Wisconsin, and the current spouse and all other persons within the third degree of consanguinity to such judge/justice; (d) any law firm of record in these proceedings, including any attorney of record in these proceedings; or (e) any person who would otherwise belong to the class but whom Defendants can identify as being charged a fee, either directly or indirectly through a person authorized in writing, but said fee was not collected or paid to Defendants by anyone.
9. I have not submitted any other Claim for the same payments and have not authorized any other Person or entity to do so, and know of no other Person or entity having done so on my behalf;
10. I have neither the right to recover these fees from any other party nor been reimbursed in part or in whole by a third-party for these fees;
11. I will timely provide any additional information requested by the Settlement Administrator to validate my Claim;
12. I understand that by submitting this Claim Form, the effect is the same as if I have given a complete Release of all settled Claims; and,
13. I understand that Claims may be audited for veracity and accuracy. Claims Forms that are not valid and/or illegible can be rejected.

Signature: _____     Dated: ____ / ____ / _____

**IMPORTANT LEGAL MATERIALS**

FILED
07-30-2019
John Barrett
Clerk of Circuit Court
2013CV002642

## CLAIM FORM FOR REQUESTER CLAIMANTS

## GENERAL INSTRUCTIONS

If you are a Requester Claimant who paid basic, retrieval and/or certification fee in connection with a request for another person's medical records and were not reimbursed directly or indirectly, in part or in whole for those fees, please use this Claim Form ("Claim Form"). If you are an Individual Claimant, please use the Individual Claim Form.

To make a claim under the Settlement, you must complete this form and submit it online or mail it to the address at the bottom of this form. Your Claim Form must be addressed and received by the Settlement Administrator by 11:59 p.m. on [60 days after Notice Date]. The information will not be disclosed to anyone other than the Court, the Settlement Administrator, and the Parties in this case, and will be used only for purposes of administering this Settlement (such as to audit and review a claim for completeness, truth, and accuracy).

You can submit a Claim for a Benefit under this Settlement if you, from July 1, 2011 through PRELIMINARY APPROVAL: (i) paid basic, retrieval, and/or certification fees charged by Ciox, HealthPort, IOD, Aurora or Columbia St. Mary's, in violation of Wis. Stat. §146.83(3f)(b)(4)-(5); and (ii) has not already been reimbursed for such basic, retrieval, and/or certification fees. Settlement Class Members who submit Valid Claims will be reimbursed twice the total amount of any basic, retrieval, and/or certification fees paid to Ciox, Aurora, IOD, or Columbia St. Mary's for copies of healthcare records, subject to the number of Valid Claims submitted. The average certification, basic, and/or retrieval fees were $22.58. For the avoidance of doubt, if a law firm paid for basic, retrieval, and/or certification fees in connection with medical records it requested on behalf of its client for use in a lawsuit, and that lawsuit has since resolved with the law firm receiving or obtaining for its client some amount of monetary relief (e.g. payment or reimbursement), then in that situation, the presumption is that the law firm would be ineligible to submit a Valid Claim.

**Settlement Class Members who seek payment from the Settlement must complete and return this Claim Form.** Completed Claim Forms must be mailed to the Settlement Administrator at NAME, P.O. Box ###, CITY, STATE #### or can be submitted via the Settlement Website, www.Moyasettlement.com. **Claim Forms must be RECEIVED or SUBMITTED ONLINE NO LATER THAN [60 days after Notice Date], 2019 at 11:59 p.m., Central Time.**

Before you complete and submit this Claim Form by mail or online, you should read and be familiar with the Class Notice available at www.Moyasettlement.com. Defined terms (with initial capitals) used in these General Instructions have the same meaning as set forth in the Settlement Agreement. By submitting this Claim Form, you acknowledge that you have read and understand the Class Notice, and you agree to the Release(s) included as a material term of the Settlement Agreement.

If you fail to timely submit a Claim Form, you may be precluded from any recovery from the Settlement fund. If you are a member of the Settlement Class and you do not timely and validly seek to Opt-Out from the Settlement Class, you will be bound by any judgment entered by the Court approving the Settlement regardless of whether you submit a Claim Form. You must submit a Claim Form for each order of medical records containing a unique Invoice Number whereby the Requester Claimant was charged a basic, certification and/or retrieval fee. To receive the most current information and regular updates, please submit your Claim Form on the Settlement Website at www.Moyasettlement.com.

## Claimant Information

Claimant Name: _____
Entity Name

Street Address: _____

Street Address2: _____

City: _____ State: _____ Zip Code: _____

Office Phone Number: ( _____ ) _____ - _____

Facsimile Number: ( _____ ) _____ - _____

E-mail Address: _____

Claimant's Tax Payer Identifier: _____

Unique Class Member Identifier:

□□□□□□□□□□□□□□□□□□□□□□□□□□□□

Invoice Number for Invoice in Which You Were Charged Basic, Certification, and/or Retrieval Fees:

□□□□□□□□□□□□□□□□□□□□□□□□□□□□

*For all entities*, were you reimbursed, in part or in whole, for the basic, certification, and/or retrieval fees you paid?

Yes □            No □

*For law firms*, with regard to any lawsuit or legal claim for which medical records were requested, please provide the case style, including cause number and court, or the claim number and insurance company name:

_____

Is such lawsuit or legal claim for which the medical records were requested still open or pending?

Yes □            No □

If no, what was the date of disposition? _____

Did you receive or obtain for your client some amount of monetary relief (e.g. payment or reimbursement)?

Yes □            No □

By signing below, you are submitting to the jurisdiction of the Wisconsin Circuit Court, Milwaukee County, Wisconsin.

## Certification or Affirmation under Penalty of Perjury

**I, on behalf of Claimant, hereby certify or affirm under penalty of perjury that:**

1. I have read the Settlement Agreement and agree to its terms, including the Release(s);
2. I have read and understand the proof of Claim Form;
3. The information provided in this Claim Form is accurate and complete to the best of my knowledge, information, and belief;
4. I believe in good faith that I am a member of the Settlement Class because we were previously authorized in writing by an individual to obtain copies of that person's medical records;
5. I was charged for basic, certification, and/or retrieval fees;
6. I have an Invoice Number for the records that were requested and I incurred the basic, certification, and/or retrieval fees;
7. I did not request to Opt-Out from the Settlement Class;
8. I have not already entered into a settlement for any of the Claims set forth in this Claim Form;
9. I am not (a) an employee, principal, legal representative, successor, or and assign of Defendants or their affiliated entities; (b) a Federal, State, County and/or Local Government entity, including, but not limited to its departments, agencies, divisions, bureaus, boards, sections, groups, councils and/or any other subdivision, and any claim that such governmental entities may have, directly or indirectly; (c) any currently-sitting Wisconsin state court Judge or Justice, or any federal court Judge currently or previously sitting in Wisconsin, and the current spouse and all other persons within the third degree of consanguinity to such judge/justice; (d) any law firm of record in these proceedings, including any attorney of record in these proceedings; or (e) any person who would otherwise belong to the class but who Defendants can identify as being charged a fee, either directly or indirectly through a person authorized in writing, but said fee was not collected or paid to Defendants by anyone.
10. I have not submitted any other Claim for the same fees and have not authorized any other Person or entity to do so, and know of no other Person or entity having done so on my behalf;
11. I have neither assigned the right to recover these fees to any other party nor been reimbursed directly or indirectly, in part or in whole by a third-party for these fees;
12. I will timely provide any additional information requested by the Settlement Administrator to validate my Claim;
13. I understand that by submitting this Claim Form, the effect is the same as if I have given a complete Release of all settled Claims; and,
14. I understand that Claims will be audited for veracity and accuracy. Claims Forms that are not valid and/or illegible can be rejected.

_____
         First Name                    MI             Last Name

_____
        Title (Must be Managing Partner/Managing Shareholder if Entity is a Law Firm)

Signature: _____ Dated: ___ ___ / ___ ___ / ___ ___ ___ ___

FILED
07-30-2019
John Barrett
Clerk of Circuit Court
2013CV002642

**This notice may affect your rights.  Please read it carefully.**

*A court has authorized this notice.  This is not a solicitation from a lawyer.*

| YOUR RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| **Submit a Claim Form** | To receive a payment under this Settlement, you must submit a Claim Form by the Claim Form Deadline. | **[DATE]** |
| **Opt-Out** | Get out of the lawsuit and the Settlement.  This is the only option that allows you ever to bring or join another lawsuit raising the same legal claims against the Defendants. You will receive no cash payment from this Settlement. | **[DATE]** |
| **File Objection** | Write to the Court about any aspect of the Settlement you don't like or you don't think is fair, adequate, or reasonable.  If you object to any aspect of the Settlement, you must submit a written Objection by the Objection Deadline. | **[DATE]** |
| **Go to a Hearing** | Speak in Court about the Settlement.  (If you object to any aspect of the Settlement, you **must first** submit a written Objection by the Objection Deadline noted above.) | **[DATE]** |
| **Do Nothing** | You will not receive any cash payment; also, you will have no right to sue later for the claims released by the Settlement. | |

- These rights and options—and the deadlines to exercise them—are explained in this notice.

- The Court still has to decide whether to approve the Settlement.  Payments will be sent to Settlement Class Members only if the Court approves the Settlement.  If there are appeals, payments will not be made until the appeals are resolved and the Settlement becomes effective. Please be patient.

- **Fairness Hearing.**  On November 19, 2019, at 1:30 p.m. Central Time, the Court will hold a hearing to determine:  (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate and should receive final approval; (ii) whether the Released Claims of the Settlement Class against the Released Parties should be dismissed with prejudice; (iii) whether Class Counsel's application for a Fee Award should be granted; and (iv) whether the application for the Class Service Awards payments should be granted.  The hearing will be held in the Milwaukee County Circuit Court, 901 N. 9th St., Milwaukee WI 53233.  The hearing will be held in the courtroom of the Honorable Judge Marshall Murray, which is located in Courtroom 208, 2nd Floor.  This hearing date may change without further notice to you.  Consult the Settlement Website at www.Moyasettlement.com, or the Court docket in this case, for updated information on the hearing date and time.

- This notice concerns a case called *Moya v. HealthPort Technologies LLC (*now known as Ciox Health LLC*)*, Case No. 13CV2642 (the "Lawsuit"), that was filed in the Milwaukee County Circuit Court, Wisconsin (the "Court").

- A class action settlement in the Lawsuit will resolve claims against Ciox Health LLC ("Ciox"),

Questions? Visit www.Moyasettlement.com or call X-XXX-XXXX

1

HealthPort Technologies LLC (now part of Ciox), IOD Incorporated ("IOD") (now part of Ciox), and Aurora Healthcare, Inc ("Aurora") (collectively, the "Defendants"). This settlement affects all Persons who, from July 1, 2011 through the date of entry of the Preliminary Approval Order: (i) paid a basic, retrieval and/or a certification fee charged by Ciox, IOD, Aurora or Columbia St. Mary's ("CSM"), in violation of Wis. Stat. §146.83(3f)(b)(4) - (5); who (ii) have not already been reimbursed for such basic, retrieval, and/or certification fees. Please see below for specific definitions and exclusions relating to these criteria.

- The Lawsuit contends that the Defendants charged fees above those permitted by Wisconsin law for certain categories of medical records requests—specifically, certification and retrieval fees. The Lawsuit seeks return of the certification and retrieval fees, exemplary damages, and certain other remedies.

- Defendants deny liability.

- To settle the case, Defendants have agreed to pay each class member who submits a claim for certification, basic, and/or retrieval fees twice the total amount of any certification, basic, and/or retrieval fees paid by the class member to Ciox, HealthPort, Auroroa, IOD, or Columbia St. Mary's. The average of such charges for each individual class member is approximately $22.58. Ciox will provide funds up to $35,421,442 to pay all Valid Claims. Defendants have also agreed to pay an incentive fee of $15,000 for named plaintiff Carolyn Moya and $15,000 for named plaintiff Timothy Rave.

- Defendants have also agreed to pay for the costs associated with the administration of the case, including the claims process described below.

- The lawyers who brought the Lawsuit will ask the Court for up to $8,000,000.00 in attorneys' fees and expenses, which will be paid by Defendants.

- **Your legal rights are affected whether you act or do not act. Read this notice carefully.**

This notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Settlement Agreement available at www.Moyasettlement.com, or contact the Settlement Administrator at [ADDRESS]

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

## Table of Contents

1.  How Do I Know If I Am Affected By The Settlement? .................................................. 1
2.  What Is The Lawsuit About? .................................................................................... 1
3.  Why Is There A Lawsuit? ........................................................................................ 1
4.  Why Is This Case Being Settled? ............................................................................. 2
5.  What Can I Get In The Settlement? .......................................................................... 2
6.  How Do I Make A Claim? ........................................................................................ 2
7.  When Do I Get My Benefits? ................................................................................... 4

8.   What Do Plaintiffs And Their Lawyers Get? ................................................................. 5

9.   What Happens If I Do Not Opt-Out From The Settlement? ........................................... 5

10.  How Do I Opt-Out From The Settlement? ..................................................................... 6

11.  How Do I Object To The Settlement? ............................................................................ 6

12.  When Will The Court Decide If The Settlement Is Approved? ...................................... 8

13.  How Do I Get More Information? .................................................................................. 8

1.    **How Do I Know If I Am Affected By The Settlement?**

This case involves claims that the Defendants charged certification and retrieval fees for certain medical records requests for which those fees were not permitted under Wisconsin law.

For purposes of Settlement only, the Court has conditionally certified a Settlement Class that is defined as:

- o  Any Person who, from July 1, 2011 through the date of entry of the Preliminary Approval Order: (i) paid a basic, retrieval and/or a certification fee charged by Ciox, IOD, HealthPort, Aurora or Columbia St. Mary's, in violation of Wis. Stat. §146.83(3f)(b)(4) - (5); and who (ii) has not already been reimbursed for such basic, retrieval and/or certification fees.
- o  "Person" as used above means any individual, corporation, partnership, limited partnership, limited liability or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their respective spouses, heirs, affiliates, attorneys, predecessors, successors, representatives, and/or assignees.
- o  Excluded from the Settlement Class are (i) Defendants, any predecessor, subsidiary, sister and/or merged companies, and all of the present or past directors, officers, employees, principals, shareholders and/or agents of the Defendants; (ii) Any and all Federal, State, County and/or Local Governments, including, but not limited to their departments, agencies, divisions, bureaus, boards, sections, groups, councils and/or any other subdivision, and any claim that such governmental entities may have, directly or indirectly; (iii) Any currently-sitting Wisconsin state court Judge or Justice, or any federal court Judge currently or previously sitting in Wisconsin, and the current spouse and all other persons within the third degree of consanguinity to such judge/justice; and (iv) Any law firm of record in these proceedings, including any attorney of record in these proceedings.

You are receiving this Notice because, according to the Defendants' records, you may be a member of the Settlement Class.

If the Settlement does not become effective (for example, because it is not finally approved, or the approval is reversed on appeal), then this litigation will continue.

2.    **What Is The Lawsuit About?**

Plaintiffs allege that Defendants improperly charged fees of approximately $22.58 for medical records requests made by persons authorized in writing by the patient to receive those medical records.

Earlier in this case, the parties disputed the interpretation of the Wisconsin statutes governing when certification and retrieval fees could be charged. The Plaintiffs prevailed on this issue in the Wisconsin Supreme Court. Following that ruling, the parties continued to dispute other matters regarding liability and the scope of damages.

3.    **Why Is There A Lawsuit?**

Plaintiffs contend that they and the Class are entitled to reimbursement of improperly charged certification and retrieval fees, as well as actual and exemplary damages and certain other relief. Defendants have denied that they are liable to Plaintiffs or the Class.

Questions? Visit www.Moyasettlement.com or call X-XXX-XXXX

1

4.     **Why Is This Case Being Settled?**

Counsel for both Plaintiffs and Defendants have determined that there is significant risk in continuing the litigation.  Among other issues, the issues in the case include: (i) whether Defendants acted willfully, negligently; (ii) whether Plaintiffs deserve any exemplary damages; and/or (iii) whether Defendants may establish other defenses.  In particular, even if Plaintiffs convince the judge or jury that they are entitled to reimbursement of the certification or retrieval fees, there is a substantial risk that a judge or jury would not impose any additional damages such as exemplary damages.  Even if Plaintiffs were to succeed in the trial court, any judgment would be at risk on appeal and the collectability of that judgment might be uncertain. After considering the risks and costs of further litigation, the Parties have concluded that it is desirable that the Plaintiffs' claims are settled and dismissed on the terms of the Settlement Agreement. Plaintiffs and their counsel believe that the terms and conditions of the Settlement are fair, reasonable, adequate, and equitable, and that the Settlement is in the best interest of the Settlement Class Members.

5.     **What Can I Get In The Settlement?**

Settlement Class Members who submit Valid Claims will receive a payment equal to twice the total amount paid by the class member for basic, certification, and/or retrieval fees charged in connection with a request made with written authorization from the patient for healthcare records.  In order to file a Valid Claim, each Settlement Class Member will need to follow the instructions on the Claim Form and, among other things, provide the unique Invoice Number.  A Claim Form will need to be submitted for each set of records obtained and for which the Settlement Class Member was charged.  Defendants will provide funds up to $35,421,442 to pay Valid Claims.  Valid Claims will be paid only if the Court approves the Settlement.

No Claims may be submitted as a group, aggregate or class of persons.

A Settlement Class Member that has already been reimbursed for basic, retrieval and/or certification fees is ineligible to submit a Valid Claim.  And for the avoidance of doubt, if a law firm paid for basic, retrieval, and/or certification fees in connection with medical records it requested on behalf of its client for use in a lawsuit, and that lawsuit has since resolved with the law firm receiving or obtaining for its client some amount of monetary relief (e.g. payment or reimbursement), then in that situation, the presumption is that the law firm would be ineligible to submit a Valid Claim.

6.     **How Do I Make A Claim?**

To make a Claim, you must access the Claim Form using a unique class member identifier contained on the notice provided by the Settlement Administrator and complete the Claim Form available on this Settlement Website, www.Moyasettlement.com.  You can submit the Claim Form online, or you can print it and mail it to the Settlement Administrator at: [     ].

Claim Forms must be submitted online or received by 11:59 p.m. Central Time on _____, 2019.

To receive a Benefit, *Individual Claimants* must submit a signed certification that the Claimant, among other things:

　　　　i.     Has read and understands the proof of Claim Form;

Questions? Visit www.Moyasettlement.com or call X-XXX-XXXX

2

ii.    Believes in good faith that he/she is a member of the Settlement Class because he/she (i) has previously requested directly or had authorized someone in writing to obtain copies of their medical records, or (ii) has requested a patient's medical records pursuant to a written authorization from the patient;

iii.    Was charged for basic, certification, and/or retrieval fees;

iv.    Has neither assigned any right to recover these fees to any other party nor been reimbursed in part or in whole by a third-party for the fees; and

v.    Has not not submitted any other Claim for the same payments and has not authorized any other Person or entity to do so, and knows of no other Person or entity having done so on his or her behalf.

To receive a Benefit, *Requester Claimants* must submit a signed certification[1] stating, among other things:

i.    That the Claimant has read and understands the proof of claim form and believes in good faith that it is a member of the class because it was previously authorized in writing by an individual to obtain copies of that person's medical records;

ii.    The amount paid for basic, certification, and/or retrieval fees;

iii.    The Invoice Number related to the basic, certification, and/or retrieval fees in question;

iv.    The case style, including cause number and court, or the claim number and insurance company name for any lawsuit or legal claim for which medical records were requested;

---

[1] For law firms, the certifications shall be provided by the managing shareholder, partner or other person who has authorized to settle or resolve the law firm's legal rights under the penalty of perjury, and for other entities the certifications shall be provided by such person who has authority to settle and resolve that entity's legal rights.

Questions? Visit www.Moyasettlement.com or call X-XXX-XXXX

3

v.      Whether the lawsuit or legal claim for which the medical records were requested is still open or pending;

vi.      If the lawsuit or legal claim for which the medical records were requested is not still open or pending, then the date on which the matter for which the medical records were obtained for the individual was closed without reimbursement of the basic, certification, and/or retrieval fees;

vii.     That neither the individual nor anyone else has reimbursed the Requester Party, directly or indirectly, in part or in whole, for payment of any attorneys' fees or expenses in connection with representation, including but not limited to the basic, certification, and/or retrieval fees for the medical records in question;

viii.    That the entity has not assigned any right to recover these fees to any other party; and

ix.     The entity's tax payer identifier.

For the avoidance of doubt, if a law firm paid for basic, retrieval, and/or certification fees in connection with medical records it requested on behalf of its client for use in a lawsuit, and that lawsuit has since resolved with the law firm receiving or obtaining for its client some amount of monetary relief (e.g. payment or reimbursement), then in that situation the law firm would be ineligible to submit a Valid Claim.

Payments will be issued only if the Court gives final approval to the proposed Settlement and after the final approval is no longer subject to appeal. Please be patient as this may take months or even years in the event of an appeal.

## 7.    **When Do I Get My Payment?**

Filing a Claim does not provide a guaranteed payment. A Fairness Hearing is scheduled for November 19, 2019, at 1:30 PM Central Time. If the Court approves the Settlement and there are no appeals, then Benefit Checks will be distributed after the Settlement is no longer subject to appeal or review and the Settlement Administrator has completed its review and audit of all Claim Forms against the Defendants' records to validate the veracity of the Claims and prevent the payment of Claims which represent waste, fraud and abuse, unless otherwise ordered by the Court. If the Court does not approve the Settlement, or if the Settlement is overturned on appeal, no payments will be issued at such time.

Questions? Visit www.Moyasettlement.com or call X-XXX-XXXX

4

8.    **What Do Plaintiffs And Their Lawyers Get?**

To date, Class Counsel has not been compensated for any of their work on this case since it was filed in 2013. As part of the Settlement, Class Counsel may apply to the Court to award them an amount to be determined, but up to $8,000,000, from Defendants to pay their Attorneys' Fees and Expenses. Defendants have agreed not to object to Class Counsel's application for Attorneys' Fees and Expenses.

In addition, the named Plaintiffs (Carolyn Moya, in this Lawsuit, and Timothy Rave in a parallel lawsuit in federal court) will receive an incentive award. The Class Service Awards of $15,000, each, will be paid from the amount provided by Defendants to satisfy claims for the Plaintiff Carolyn Moya and for the Plaintiff Timothy Rave. These payments are designed to compensate the named Plaintiffs for the time, effort, and risks they undertook in pursuing litigation.

Class Counsel shall file their application for a Fee Award and Class Service Awards no later than fourteen (14) days prior to the hearing on final approval. A copy of that application will be available on the Settlement Website. The Court will determine the amount of Attorneys' Fees and Expenses as well as the amount of Class Service Awards. Any award of Attorneys' Fees and Expenses shall be in addition, not part of or subject to, the cap on the Settlement Amount.

9.    **What Happens If I Do Not Opt-Out From The Settlement?**

If you are a Class Member and you do not Opt-Out from the Settlement, you will be legally bound by all orders and judgments of the Court, and you will also be legally bound to the Releases of the Claims in the Settlement. This means that in exchange for being a Settlement Class Member and being eligible for the Benefits of the Settlement, you will not be able to sue, continue to sue, or be part of any other lawsuit against Ciox, HealthPort, IOD, Aurora, Columbia St. Mary's and/or any of the Released Parties that involves the Released Claims.

**You will not be responsible for any out-of-pocket costs or attorneys' fees concerning this case if you stay in the class.**

Staying in the class also means that you agree to the following terms of the Settlement that describe exactly the legal Claims that you give up:

Upon the entry of a Final Approval Order and without any further action by the Court or by any Party to this Agreement, the Settlement Class Members and Plaintiffs, including any Person claiming rights derivative of any Settlement Class Member or Plaintiff as their parent, child, heir, guardian, associate, co-owner, attorney, agent, administrator, executor, devisee, predecessor, successor, assignee, assigns, representative of any kind, shareholder, partner, director, employee or affiliate, shall be deemed to have, and by operation of the judgment shall have fully, finally, and forever released, relinquished, and discharged against the Released Persons all Released Claims (including, without limitation, any unknown claims), as well as any claims arising out of, relating to, or in connection with, the prosecution, defense, mediation, settlement, disposition, or resolution of the Action or the Released Claims.

Without limiting the foregoing, the Releases specifically extend to any claims that the Releasing Parties do not know or suspect to exist in their favor at the time that the Settlement, and the Releases contained herein, becomes effective. This Section constitutes a waiver of any and all provisions, rights, and benefits conferred by any law of any state of the United States, or principle of common law or otherwise, which is similar, comparable, or equivalent to section 1542 of the California Civil Code, which

provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Releasing Parties understand and acknowledge the significance of these waivers of California Civil Code section 1542 and any other applicable federal or state statute, case law, rule, or regulation relating to limitations on releases. In connection with such waivers and relinquishment, the Releasing Parties acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally, and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the release of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

## 10.    How Do I Opt-Out From The Settlement?

You can Opt-Out from the Settlement Class if you wish to retain the right to sue Defendants separately for the Released Claims. If you Opt-Out, you cannot file a Claim or Objection to the Settlement.

To Opt-Out, you must complete the online form at the Settlement Website or mail an Opt-Out request to the Settlement Administrator pursuant to the instructions on the Settlement Website at www.Moyasettlement.com, with copies mailed to Class Counsel and counsel for Defendants. The Opt-Out request must be submitted online or received by the Settlement Administrator by the Opt-Out Deadline set forth above.

## 11.    How Do I Object To The Settlement?

You can ask the Court to deny approval of the Settlement by timely filing an Objection with the Court. You cannot ask the Court to order a larger Settlement; the Court can only approve or disallow the Settlement. If the Court denies approval to the entire Settlement, no Benefit Payments will be sent out, and the lawsuit will continue.

You can also ask the Court to disapprove the requested payments to Plaintiffs and to their attorneys.

You may also appear at the Fairness Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney. If you want to raise an Objection to the Settlement at the Fairness Hearing, you must submit that Objection in writing, by the Objection Deadline.

If you want to raise an Objection to the Settlement at the Final Approval Hearing, you must submit that Objection in writing, by the Objection Deadline set forth above. Any Objection must include: (i) a reference at the beginning to this case, *Moya v. HealthPort Technologies LLC (now known as Ciox Health LLC),* Case No. 13CV2642, Milwaukee County Circuit Court, 901 N. 9th St., Milwaukee WI 53233; (ii) the name, address, telephone number, and, if available, the email address of the Class Member

Questions? Visit www.Moyasettlement.com or call X-XXX-XXXX

6

objecting, and if represented by counsel, of his/her/its counsel; (iii) a written statement of all grounds for the Objection, accompanied by any legal support for such Objection; (iv) whether he/she/it intends to appear at the Fairness Hearing, either with or without counsel; (v) a statement of his/her/its membership in the Settlement Class, including all information required by the Claim Form; (vi) a detailed list of any other objections submitted by the Settlement Class Member, or his/her/its counsel, to any class actions submitted in any court, whether in this state or otherwise, in the United States in the previous five (5) years. If the Class Member or his/her/its counsel has not objected to any other class action settlement in any court in the United States in the previous five (5) years, he/she shall affirmatively state so in the written materials provided in connection with the Objection to this Settlement; and (vii) the Objector's signature and the signature of the Objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation).   Failure to include this information and documentation may be grounds for overruling and rejecting your Objection.  All information listed herein must be filed with the Clerk of the Court, delivered by mail, express mail, personal delivery, or electronic filing, such that the Objection is received by the Clerk on or before the Objection Deadline.

By filing an Objection, you consent to the jurisdiction of the Court, including to any order of the Court to produce documents or provide testimony prior to the Fairness Hearing.  You further consent to a deposition, at the request of Class Counsel or Defendants' counsel, at least five (5) days prior to the Fairness Hearing.

If you file an Objection to the Settlement but still want to submit a Claim in the event the Court approves the Settlement, you must still timely submit a Claim Form according to the instructions described above.

You **must** also send a copy of your Objection to the Settlement Administrator, Class Counsel, and Defendants' counsel:

| Counsel for Class: | Counsel for Defendants: |
|---|---|
| Robert Welcenbach, Welcenbach Law Offices, S.C. 933 N. Mayfair Rd., Suite 311, Milwaukee, WI 53226, | Jay P. Lefkowitz<br>Nathaniel J. Kritzer<br>Kirkland & Ellis LLP<br>601 Lexington Ave<br>New York, New York 10022<br><br>Michael Sullivan<br>Womble Bond Dickinson<br>271 17th Street NW<br>Atlanta, GA, US 30363<br><br>Daniel Manna<br>Gass Webber Mullins LLC<br>241 North Broadway<br>Milwaukee, Wisconsin |

Questions? Visit www.Moyasettlement.com or call X-XXX-XXXX

7

Bradley S. Foley
Gutglass, Erickson, Bonville & Larson S.C.
735 North Water Street, Suite 1400
Milwaukee, WI 53202

## 12.    When Will The Court Decide If The Settlement Is Approved?

The Court will hold a hearing consider whether to approve the Settlement. The hearing will be held in the Milwaukee County Circuit Court, 901 N. 9th St., Milwaukee WI 53233, before the Honorable Judge Marshall Murray Courtroom 208, 2nd Floor, on November 19 2019 at 1:30 p.m. Central Time. The hearing is open to the public. This hearing date may change without further notice to you. Consult the Settlement Website at www.Moyasettlement.com for updated information on the hearing date and time.

## 13.    How Do I Get More Information?

You can inspect many of the court documents connected with this case on the Settlement Website. Other papers filed in this lawsuit are available by accessing the Court docket in this case available through the Court's website (https://county.milwaukee.gov/EN/Courts).

You can contact the Settlement Administrator at _____.

You can also obtain additional information by contacting Class Counsel:

Robert Welcenbach
Welcenbach Law Offices, S.C.
933 N. Mayfair Rd., Suite 311
Milwaukee, WI 53226
moyaclass@legglaw.com

Questions? Visit www.Moyasettlement.com or call X-XXX-XXXX

8

FILED
07-30-2019
John Barrett
Clerk of Circuit Court
2013CV002642

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*THE COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.*

PRESORTED

FIRST-CLASS MAIL

POSTAGE PAID

PERMIT 3780

**SETTLEMENT ADMINISTRATOR c/o XXXXXXX PO BOX XXXXXX CITY, STATE ZIP**

**CLASS MEMBER IDENTIFIER**
[CLASS MEMBER ID IN DIGITS]

[FIRST1] [LAST1]

[BUSINESSNAME] [ADDR1] [ADDR2]

# Important Deadlines are inside

**XXX-XXX-XXXX**
WWW.Moyasettlement.com

**What is this About?** A proposed settlement has been reached in a lawsuit concerning the fees charged by Defendants for medical records requests.

**Who's Included?** Subject to certain exclusions, the settlement includes all Persons who, from July 1, 2011 through [the date of entry of the Preliminary Approval Order]: (i) paid basic, retrieval and/or certification fees charged by Ciox, Healthport, IOD, Aurora or Columbia St. Mary's, in violation of Wis. Stat. §146.83(3f)(b)(4) - (5); who (ii) have not already been reimbursed for such basic, retrieval and/or certification fees.     Please see the Settlement Website,     www.xxx.com,     for further information on exclusions.

**What are the Benefits?** If you timely submit a Claim Form, you may be eligible for a Benefit, for approximately twice the amount charged to you. The average charge was $22.58. The total aggregate class benefit is limited to $35,421,442.

**How can I get a Benefit?** Use the Class Member Identifier on the front of this postcard to complete and submit a Claim Form either online or by mail to [SETTLEMENT NAME], c/o [Administrator]. Claim Forms are available at the Settlement Website, www.Moyasettlement.com, or by

calling [TELEPHONE NUMBER], or by writing to the Settlement Administrator.

**Claim Form Deadline**: Claim Forms must be received by [DATE]

**Your other options**. If you do not Opt-Out in writing by [DATE], you will be bound by the terms of the Settlement as well as all orders of the Court, and will have no right to sue later for the claims released by this Settlement. If you want to stay in the Settlement, you may file an Objection by [DATE]. The Court will hold a hearing on November 19, 2019 at 1:30 P.M. Central Time to consider whether to approve the Settlement and whether to award up to $8,000,000 in Attorneys' Fees and Expenses and/or the $30,000 total Class Service Award for the Class Representatives. You may attend this hearing, but you do not have to. Complete information is available in the full notice on the Settlement Website.

**Who Represents Me?** The Court appointed Class Counsel, whom you do not have to pay. If you want your own lawyer, you may hire one at your expense.

BACK SIDE IS THE USPS CHANGE OF ADDRESS FORM

FILED
07-30-2019
John Barrett
Clerk of Circuit Court
2013CV002642

Plaintiffs Carolyn Moya ("Moya") and Timothy Rave ("Rave," together, the "Plaintiffs") on behalf of themselves and a proposed Settlement Class and Defendants, Ciox Health, LLC ("Ciox"), Aurora Healthcare, Inc. ("Aurora"), and Columbia St. Mary's Hospital Milwaukee, Inc. ("Columbia St. Mary's," together, "Defendants" and together with Plaintiffs, the "Settling Parties") have entered into a Settlement Agreement.

Plaintiffs have moved for, and Defendants have indicated that they do not oppose entry of this order, which (a) conditionally certifies the Settlement Class (as defined below) for settlement purposes only; (b) appoints the Settlement Administrator; (c) provides for notice of the Settlement Agreement to Settlement Class members in accordance with the terms of the Settlement Agreement; (d) establishes procedures for objecting to, and opting out of, the proposed Settlement Agreement; (e) describes procedures for submitting claims; and (f) sets a date for hearing to finally approve the Settlement Agreement ("Final Approval Hearing").

The Court has considered the terms of the Settlement Agreement in light of the issues presented by the pleadings, the record in this case, the complexity of the proceedings, the absence of collusion between the Parties, and the experience of Class Counsel, and is preliminarily satisfied that the Settlement Agreement is fair, reasonable, and adequate. The Court also is satisfied that the plan for sending notice of the Settlement to the Settlement Class is adequate, sufficiently informs Settlement Class members of the Settlement's terms and of the conditional certification of the Settlement Class, and satisfies the requirements set forth in Wis. Stat. § 803.08 and due process.

THEREFORE, IT IS ORDERED THAT:

1.     The Court has jurisdiction over the subject matter of the Wisconsin Class Actions and personal jurisdiction over the Parties and the conditionally certified Settlement Class, as defined below.

2.     This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used in this Order will have the same meanings as set forth in the Settlement Agreement, unless otherwise defined in this Order.

3.      The Parties have agreed to and the Court provisionally certifies the following "Settlement Class" for purposes of settlement:

Any Person who, from July 1, 2011 through the date of entry of the this Order: (i) paid a basic, retrieval, and/or a certification fee charged by Ciox, HealthPort, IOD, Aurora or Columbia St. Mary's, in violation of Wis. Stat. § 146.83(3f)(b)(4) - (5); and who (ii) has not already been reimbursed for such basic, retrieval, and/or certification fees.  Excluded from the Settlement Class are (i) Defendants, any predecessor, subsidiary, sister and/or merged companies, and all of the present or past directors, officers, employees, principals, shareholders and/or agents of the Defendants; (ii) Any and all Federal, State, County and/or Local Governments, including, but not limited to their departments, agencies, divisions, bureaus, boards, sections, groups, councils and/or any other subdivision, and any claim that such governmental entities may have, directly or indirectly; (iii) Any currently-sitting Wisconsin state court Judge or Justice, or any federal court Judge currently or previously sitting in Wisconsin, and the current spouse and all other persons within the third degree of consanguinity to such judge/justice; and (iv) Any law firm of record in these proceedings, including any attorney of record in these proceedings.

4.      Based on the Court's review of the Settlement Agreement (Dkt. #_____) and the Plaintiff's Motion, the Court finds that conditional certification of the Settlement Class for settlement purposes only is appropriate under Wis. Stat. § 803.08 because the Class is so numerous that joinder would be impracticable, the Wisconsin Class Actions present common issues of law and fact that predominate over any individual questions, Plaintiffs' claims are typical of the Settlement Class members' claims, Plaintiffs and their counsel are adequate representatives of the Settlement Class, and a class action is superior to tens of thousands of individual lawsuits.

5.      Based on the Court's review of the Settlement Agreement, the Motion for Preliminary Approval, the supporting memoranda, declarations of counsel, argument of counsel, and the entire record, the Court finds that the Settlement Agreement is fair, reasonable, and adequate. Plaintiffs' motion to preliminarily approve the Settlement Agreement and certify the

Class is granted. The Court appoints Carolyn Moya and Timothy Rave as Class Representatives and Welcenbach Law Offices, S.C., Legg Law Firm, LLP, and Jones and Hill, LLC as Class Counsel.

6.    The Court appoints Heffler Claims Group LLC as Settlement Administrator, which shall fulfill the functions, duties, and responsibilities of the Settlement Administrator as set forth in the Settlement Agreement and this Order. By accepting this appointment, the Settlement Administrator has agreed to the Court's jurisdiction solely for purposes of enforcement of the Settlement Administrator's obligations under the Settlement Agreement.

7.    The Settlement Administrator shall cause the Notice plan to be commenced on or before 14 days after the entry of the Preliminary Approval Order.

8.    The Court approves the form, substance and requirements of: the Individual Claimant Claim Form; the Requestor Claimant Claim Form; the Long form Settlement Notice (the "Notice"); and the Postcard Notice, annexed to the motion as Exhibits 1-4 respectively, and finds that the form, content, and mailing and distribution of the Notice, substantially in the manner and form set forth in sections 4.1 and 4.4 of the Settlement Agreement, (i) meet the requirements of Wis. Stat. § 803.08 and all other applicable laws and rules; (ii) is the best notice practicable under the circumstances; (iii) constitutes due and sufficient notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Litigation, of the effect of the proposed Settlement (including the releases to be provided thereunder), of Class Counsel's application for an award of attorneys' fees and expenses, including Plaintiff's expenses, of their right to exclude themselves from the Class, and of their right to appear at the Final Approval Hearing; and (iv) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement.

9.    The Court further finds that the manner of providing for objections and exclusion requests to the Settlement specified in sections 6.4 and 6.5 is reasonable, appropriate, and satisfies the requirements of due process and Wis. Stat. § 803.08.

10.     The Court directs the Settlement Administrator to file with the Court no later than fourteen (14) days before the Final Approval Hearing a sworn declaration containing the information set forth in section 4.5 of the Settlement Agreement. This information includes (a) confirmation that the mail or email Notices were sent to Settlement Class members as section 4.4 requires; and (b) a tally of how many direct notices were delivered and how many were returned undelivered.

11.     In order to be entitled to participate in the Settlement Fund and obtain a Settlement Benefit therefrom, each Class Member must submit a Valid Claim Form as specified in sections 3.3 through 3.7 of the Settlement Agreement.

12.     If the Effective Date does not occur, the Parties will return to the status quo ex ante, for all litigation purposes, as if no settlement had been negotiated or entered into and thus this Order and all other findings or stipulations regarding the Settlement, including but not limited to, certification of the Settlement Class will be automatically void, vacated, and treated as if never filed.

13.     The Court will hold a Final Approval Hearing on November 19, 2019 to finally determine whether the prerequisites for class certification and treatment under Wis. Stat. § 803.08(1)–(2) are met; to determine whether the Settlement Agreement is fair, reasonable, and adequate, and should be approved by the Court; to determine whether to designate Plaintiffs as the representatives of the Settlement Class; to determine whether to designate Class Counsel as counsel for the Settlement Class; to determine whether to grant final approval to the Settlement; to consider the application for attorneys' fees and expenses of Class Counsel; to consider the application for Service Awards to the Class Representatives; to determine whether the Final Approval Order and Judgment should be entered; and to rule on any other matters that the Court may deem appropriate. At the Final Approval Hearing, the Court may enter the Final Approval Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of Settlement Class Members.

14.     Any interested person who has not opted out of the Settlement Class may appear at the Final Approval Hearing to show cause why the proposed Settlement Agreement should or should not be approved as fair, reasonable, and adequate; provided, however, that no person shall be heard or entitled to contest the approval of the Settlement Agreement unless that person has filed with the Court a written objection and any supporting papers or briefs on or before [date that is 30 days after the date on which sending of class notice has been completed]. The Court will consider all properly submitted objections. Any Settlement Class Member who does not submit an objection in the manner provided above shall be deemed to have waived any objection to the Settlement Agreement and shall forever be foreclosed from making any objection to class certification of the Settlement Agreement, to the fairness, adequacy or reasonableness of the Settlement Agreement, and to any attorneys' fees, cost reimbursements, or Service Awards to the named Plaintiffs approved by the Court.

15.     Class Counsel's request for approval of attorneys' fees, litigation costs, and Service Awards shall be filed no later than fourteen (14) days prior to the Final Approval Hearing.

16.     All memoranda, declarations, responses to objections, and other evidence in support of the request for final approval of the Settlement Agreement shall be filed on or before ____.

17.     All proceedings in this Court with respect to the Wisconsin Class Actions, other than those that are necessary to carry out, or incidental to carrying out, the terms and conditions of this Order, are stayed and suspended until further order of the Court.

18.     Pending entry of the Final Approval Order and Judgment, Plaintiffs, Settlement Class members, and any person or entity allegedly acting on behalf of the Settlement Class, either directly, representatively, or in any other capacity, are preliminarily enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims; provided, however, that this injunction shall not apply to individual claims of any Settlement Class Members who timely exclude themselves in a

manner that complies with this Order. This injunction is necessary to protect and effectuate the Settlement Agreement, this Order, and the Court's flexibility and authority to effectuate this Settlement Agreement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments.

19.     The Court retains jurisdiction over the Wisconsin Class Actions and all matters arising out of or connected with the proposed Settlement Agreement. The Court reserves the right to adjourn or continue the date of the Final Approval Hearing without further notice to Settlement Class members, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement Agreement. The Court may approve or modify the Settlement Agreement without further notice to Settlement Class members.

FILED
07-30-2019
John Barrett
Clerk of Circuit Court
2013CV002642

This matter came before the Court upon consideration of Plaintiffs' Motion for Final Approval of Class Actions Settlement and Class Counsel's Motion for an Award of Fees, Costs, and Class Representative Service Awards. After considering the motions and the declarations and exhibits submitted with the motions, the Court enters this Final Approval Order and Judgment ("Final Approval Order"), which constitutes a final adjudication on the merits of all claims of the Class. It is **HEREBY ORDERED** that the motions are **GRANTED**, the Class is certified, the Settlement Agreement[1] is finally approved, Class Counsel are awarded $_____ in fees and $____ in costs, and Service Awards are approved in the amount of $_____ for each Plaintiff ($_____ total).

**WHEREAS**, on or about _____, the Parties filed the Settlement Agreement (Docket No. ___, the "Settlement") which sets forth the terms and conditions of the Settlement and the Released Claims against Defendants Ciox Health, LLC ("Ciox"), Aurora Healthcare, Inc. ("Aurora"), and Columbia St. Mary's Hospital Milwaukee, Inc. ("Columbia St. Mary's," together, "Defendants");

**WHEREAS**, Plaintiffs and Class Counsel have filed motions, pursuant to Wis. Stat. § 803.08, for orders finally approving the Agreement, which will dismiss the Wisconsin Class Actions with prejudice, and granting Class Counsel's request for an award of fees and costs, and Service Awards to the Plaintiffs;

**WHEREAS**, the Court preliminary approved the Settlement on _____ (Docket No. ___), and Notice was given to Settlement Class Members pursuant to that Preliminary Approval Order;

---

[1]     All capitalized terms not otherwise defined herein shall have the meaning given to them in the Settlement Agreement.

**WHEREAS**, the Court has reviewed and considered all papers filed in connection with the Settlement, and all exhibits thereto, and has held a hearing after notice to the Settlement Class was sent in order to confirm that the Settlement is fair, reasonable, and adequate, and to determine whether the Final Approval Order should be entered in the Wisconsin Class Actions pursuant to the terms and conditions set forth in the Settlement Agreement ("Final Approval Hearing") on **NOVEMBER 19, 2019**, at which time the Parties and all interested persons were heard; and

**WHEREAS**, upon consideration of the above, the Court finds that the Settlement is fair, adequate, and reasonable to the Class, within the authority of the Parties, and the result of extensive arm's length negotiations;

**THEREFORE,** the following is **HEREBY ORDERED**:

1.      The Court has jurisdiction over the subject matter of the Wisconsin Class Actions and personal jurisdiction over the Parties and the Class. The definitions and provisions of the Settlement Agreement are incorporated in this Order as though fully set forth herein.

2.      Pursuant to Wis. Stat. § 803.08(2)(c), and for the purposes of settlement only, the Class is certified as follows:

*Any Person who, from July 1, 2011 through the date of entry of this Order: (i) paid a basic, retrieval and/or a certification fee charged by Ciox, HealthPort, IOD, Aurora or Columbia St. Mary's, in violation of Wis. Stat. § 146.83(3f)(b)(4) - (5); and who (ii) has not already been reimbursed for such basic, retrieval, and/or certification fees. Excluded from the Settlement Class are (i) Defendants, any predecessor, subsidiary, sister and/or merged companies, and all of the present or past directors, officers, employees, principals, shareholders and/or agents of the Defendants; (ii) Any and all Federal, State, County and/or Local Governments, including, but not limited to their departments, agencies, divisions, bureaus, boards, sections, groups, councils and/or any other subdivision, and any claim that such governmental entities may have, directly or indirectly; (iii) Any currently-sitting Wisconsin state court Judge or Justice, or any federal court Judge currently or previously sitting in Wisconsin, and the current spouse and all other persons within the third degree of consanguinity to such judge/justice; and (iv) Any law firm of record in these proceedings, including any attorney of record in these proceedings.*

3.      For settlement purposes only, the Court appoints Plaintiffs as "Class Representatives."

4.      For settlement purposes only, the Court appoints the attorneys at Welcenbach Law Offices, S.C., Legg Law Firm, LLP, and Jones and Hill, LLC as Class Counsel.

5.      With respect to the Settlement Class, this Court finds, for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the Class Representatives, identified above, are typical of the claims of the Settlement Class; (d) the Class Representatives have fairly and adequately protected the interests of the Settlement Class; (e) the questions of law or fact common to the members of the Settlement Class predominate over the questions affecting only individual members, and (f) certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy. The Court further finds that: (g) the members of the Settlement Class have a limited interest in individually prosecuting the claims at issue; (h) it is desirable to concentrate the claims in this forum; and (i) it is unlikely that there will be difficulties encountered in administering this Settlement.

If the Settlement terminates for any reason, the certification of the Settlement Class shall be automatically vacated, null and void, and the Wisconsin Class Actions shall revert to their status immediately prior to the execution of the Settlement Agreement.

6.      The Court finds that the notice given to members of the Settlement Class pursuant to the terms of the Settlement Agreement fully and accurately informed Settlement Class Members of all material elements of the Settlement and constituted valid, sufficient, and due notice to all such members. The notice fully complied with due process, Wis. Stat. § 803.08, and with all other applicable law.

3

7.     Those who timely submitted valid requests for exclusion are excluded from the Settlement Class and are not bound by this Final Approval Order.

8.     The Court finally approves this Settlement, and finds that it is in all respects fair, reasonable, and adequate and in the best interest of the Settlement Class Members. The Parties dispute the validity of the claims in the Wisconsin Class Actions, and their dispute underscores not only the uncertainty of the outcome but also why the Court finds the Settlement Agreement to be fair, reasonable, and adequate.  Class Counsel have reviewed the Settlement Agreement and find it to be in the best interest of Settlement Class Members. For all these reasons, the Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of Settlement approval.

9.     The Parties, their counsel, and the Settlement Administrator shall fulfill their obligations and duties under the Settlement Agreement.

10.     The Court dismisses with prejudice the Wisconsin Class Actions, and adjudges that the Released Claims are released against the Released Parties.

11.     The Court adjudges that Plaintiffs and the Settlement Class Members are deemed to have fully, finally, completely, and forever released, relinquished, and discharged the Released Claims against the Released Parties.

12.     Plaintiffs and the Settlement Class Members are permanently enjoined and barred from asserting, initiating, prosecuting, or continuing any of the Released Claims against the Released Parties.

13.     The Settlement Administrator executed the Notice plan according to the terms of the Settlement Agreement.  The notices apprised the Settlement Class Members of the pendency of the litigation; of all material elements of the proposed Settlement, including but not limited to the relief afforded the Settlement Class under the Settlement Agreement; of the res judicata

effect on members of the class and of their opportunity to object to, comment on, or opt out of, the Settlement; of the identity of Class Counsel and Class Counsel's contact information; and of the right to appear at the Final Approval Hearing. The Notice Plan prescribed by the Settlement Agreement was reasonable and provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Settlement Agreement, to all parties entitled to such notice. The notice given to members of the Settlement Class satisfied the requirements of Wis. Stat. § 803.08. The Court has afforded a full opportunity to all Settlement Class Members to be heard. Accordingly, the Court determines that all members of the Settlement Class, except those who timely excluded themselves from the Class, are bound by this Final Approval Order.

14.    The Court approves payment of attorneys' fees and costs to Class Counsel in the amount of $_____. The Court finds these amounts to be appropriate and reasonable in light of the work performed by Class Counsel and the benefits obtained for the Class Members. In addition, the Court finds that the Settlement Agreement was negotiated at arms' length and without collusion.

15.    The Court approves the Service Award payment of $_____ for each Class Representative and specifically finds that amount to be reasonable in light of the service performed by the Class Representatives for the class.

16.    Neither this Final Approval Order nor the Settlement Agreement is an admission or concession by Defendants or any of the other Released Parties of the validity of any claims or of any liability or wrongdoing or of any violation of law. This Final Approval Order and the Settlement Agreement do not constitute a concession and shall not be used as an admission or indication of any wrongdoing, fault or omission by Defendants or any of the other Released Parties or any other person in connection with any transaction, event or occurrence, and neither this Final Approval Order nor the Settlement Agreement nor any related documents in this

proceeding, nor any reports or accounts thereof, shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to consummate or enforce this Final Approval Order, the Settlement Agreement, and all releases given thereunder, or to establish the affirmative defenses of *res judicata* or collateral estoppel barring the pursuit of claims released in the Settlement Agreement. This Final Approval Order also does not constitute any opinion or position of the Court as to the merits of the claims and defenses related to the Wisconsin Class Actions.

17.     Upon the Effective Date, the Class Representatives and each Settlement Class Member will be deemed to have completely released and forever discharged the Released Parties from the Released Claims. Released Claims means any and all claims, whether known or unknown, against the Released Parties relating to, arising out of, or concerning in any way the claims under federal or state laws, including but not limited to Wis. Stat. § 146.83, that were alleged or could have been alleged in the Wisconsin Class Actions, including, but not limited to, claims related to the basic, certification, and/or retrieval fees charged to members of the Settlement Class by any of the Released Parties or that could have been asserted against any Released Party in the Wisconsin Class Actions or any other action.

18.     As of the Effective Date, Settlement Class Members also will waive and release any and all provisions, rights and benefits conferred either (a) by Section 1542 of the California Civil Code, or (b) by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code, with respect to the claims released pursuant to Section 20 above.  Section 1542 of the California Civil Code reads:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> THAT THE CREDITOR OR RELEASING PARTY DOES NOT
> KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT
> THE TIME OF EXECUTING THE RELEASE AND THAT, IF
> KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY

AFFECTED HIS OR HER SETTLEMENT WITH THE
DEBTOR OR RELEASED PARTY.

19.     Plaintiffs and Settlement Class Members may hereafter discover facts in addition
to, or different from, those facts that they now know or believe to be true with respect to the
subject matter of the Settlement, but that it is their intention to release fully, finally, and forever
all Released Claims with respect to the Released Parties, and in furtherance of such intention, the
release of the Released Claims will be and remain in effect notwithstanding the discovery or
existence of any such additional or different facts. However, the Settlement Agreement is not
intended to and does not prohibit a Settlement Class Member from responding to inquiries
posited by federal, state or local agencies and/or law enforcement, even if the inquiries relate to
the Released Claims.

20.     Upon the entry of this Judgment, Plaintiffs and each and all of the Settlement
Class Members ("Class Releasors") are hereby permanently barred and enjoined from the
assertion, institution, maintenance, prosecution, or enforcement against Defendants or any
Released Parties in any state or federal court or arbitral forum, or in the court of any foreign
jurisdiction, of any and all Released Claims, as well as any other claims arising out of, relating to
or in connection with, the defense, settlement, or resolution of the Litigation or the Released
Claims, regardless of whether such Plaintiff or Settlement Class Member executes and delivers a
Claim Form.

21.     Upon entry of this Judgment, Plaintiffs and each of the Settlement Class Members
shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever
released, relinquished, and discharged all Released Claims against the Released Parties.
Plaintiffs and each Settlement Class Member are bound by this Judgment, including, without
limitation, the release of claims as set forth in the Settlement Agreement.  The Released Claims
are hereby compromised, settled, released, discharged, and dismissed as against the Released
Parties on the merits and with prejudice by virtue of the proceedings herein and this Judgment.

22.     If the Effective Date does not occur because this Order is reversed on appeal or for any other reason, the Parties shall be returned to the status quo ex ante, for all litigation purposes, as if no Settlement had been negotiated or entered into and thus this Final Approval Order and all other findings or stipulations regarding the Settlement shall be automatically void, vacated, and treated as if never filed.

23.     The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement, including the implementation and enforcement of the Settlement Agreement.

24.     There were _____ objections to the Settlement. They are all overruled.

25.     The Court finds that no justifiable reason exists for delaying entry of this Final Approval Order and, good cause appearing, it is expressly directed that this Final Approval Order and separate Judgment be entered as final and appealable and the case dismissed with prejudice.

26.     This Order/Judgment is the final document for purposes of appeal under Wis. Stat. § 808.03(1).